NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (California Bar No. 274184)
Assistant United States Attorney
Asset Forfeiture Section
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-3391
   Facsimile: (213) 894-0142
   E-mail: John.Kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| IN THE MATTER OF THE SEIZURE OF:<br><br>ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA ACCOUNTS XXXX1889; XXXX2592, XXXX1938, XXXX2912, AND XXXX2500. | No. CV 18-06742-RGK (MAAx)<br><br>**GOVERNMENT'S OPPOSITION TO MOTION TO VACATE OR MODIFY SEIZURE WARRANTS**<br><br>Hearing Date: 9/24/2018<br>Hearing Time: 9:00 A.M.<br>Location: Courtroom of the Hon. R. Gary Klausner |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney John J. Kucera, hereby files its Opposition to Motion to Vacate or Modify Seizure Warrants.

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

## I. BACKGROUND AND PROCEDURAL HISTORY

On March 28, 2018, April 9, 2018, April 26, 2018, and June 24, 2018, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and (b); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c), United States Magistrate Judges for the Central District of California Patrick J. Walsh, John E. McDermott, Jean Rosenbluth, and Rozella A. Oliver issued similar but separate seizure warrants for certain assets (the "seized assets") (attached as Exhibit A) in the matters detailed in the following chart:

| DATE | MAGISTRATE JUDGE | ASSET |
|---|---|---|
| 3/28/18 | Hon. Patrick J. Walsh | Information associated with the domains registered by ASCIO/WMB Inc. dba Netnames |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in Ascensus Broker Deal Services, Inc. account: '43-01 and '80-01 |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in Bank of America, N.A. accounts '9342, '0071, '8225, and '7054 |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in Compass Bank Accounts '3873 and '3825 |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in First Federal Savings & Loan of San Rafael Account '3620 |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in National Bank of Arizona account '0151, '0178, '3645 |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in Prosperity Bank Account '7188 |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in Republic Bank of Arizona Account '1889, '2592, '1938, and '2500 |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in San Francisco Fire Credit Union Account '2523 |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in Ally Bank Account '6292 |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in Branch Banking and Trust Account '0218 |
| 3/28/18 | Hon. Patrick J. Walsh | Any and all funds held in Green Bank Accounts '4832 and '4293 |

| | | |
|---|---|---|
| 4/9/18 | Hon. Patrick J. Walsh | Any and all funds, securities, and other assets held in or maintained by Perkins Coie Trust Company Account '0012 |
| 4/9/18 | Hon. Patrick J. Walsh | Any and all funds held in Alliance Bernstein Account '6878, '4954, '0582, '7892, '7889, '7888 |
| 4/9/18 | Hon. Patrick J. Walsh | Any and all funds, securities, and other assets held in or maintained by Live Oak Bank Account '6910 |
| 4/26/18 | Hon. John E. McDermott | Any and all funds held in Republic Bank of Arizona Accounts '2485, '3126, '8316, '8324, '8332, '8103, '8162, and '8189 |
| 4/26/18 | Hon. John E. McDermott | Any and all funds held in K&H Account '1210 |
| 4/26/18 | Hon. John E. McDermott | Any and all funds held in Fio Bank Accounts 5803, '5801, '5805, '2226, '2231, '2230, '4194, '4196, '4198, '8083, '8086, and '8080 |
| 4/26/18 | Hon. John E. McDermott | Any and all funds held in Knab Bank Account '7664 |
| 4/26/18 | Hon. John E. McDermott | Any and all funds held in Rabo Bank Accounts '2452 and '4721 |
| 6/4/18 | Hon. Jean Rosenbluth | Any and All funds held in Acacia Conservation Funds LP, Account '2020 |
| 6/4/18 | Hon. Jean Rosenbluth | Saxo Payments, Account '1262, Held in the Name of Cashflows Europe Limited |
| 6/4/18 | Hon. Jean Rosenbluth | LHV Pank, Account '4431 |

On March 28, 2018, the same day the first seizure warrant was issued in the Central District of California ("CDCA"), the government unsealed a related Indictment returned by a Grand Jury in the District of Arizona, charging defendants Michael Lacey, James Larkin, Scott Spear, John Brunst, Dan Hyer, Andrew Padilla, and Joye Vaught (collectively, "defendants"). *See* CR 18-422-PHX-SPL (BSB), Dkt. #3, attached hereto as Exhibit B. In that Indictment, the government included forfeiture allegations giving notice of the government's intent to forfeit certain of the seized assets. Thereafter, on July 25, 2018, a Grand Jury in the District of Arizona returned a

3

True Bill (the "Superseding Indictment") charging defendants with the following criminal violations: 18 U.S.C. § 371 (Conspiracy); 18 U.S.C. § 1952(a)(3)(A) and (b)(1)(i) (Travel Act—Facilitate Prostitution); 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering); 18 U.S.C. § 1956(a)(1)(B)(i) (Concealment Money Laundering); 18 U.S.C. § 1956(a)(2)(A) (International Promotional Money Laundering); 18 U.S.C. § 1957(a) (Transactional Money Laundering); and 18 U.S.C. § 1956(a)(2)(B)(i) (International Concealment Money Laundering). *See* CR 18-422-PHX-SPL (BSB), Dkt. #230, attached hereto as Exhibit C. The Superseding Indictment included forfeiture allegations, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and (b); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c), seeking to forfeit specific assets in which any defendant holds an interest. Following this, on August 24, 2018, also in the District of Arizona, the government filed a Bill of Particulars, identifying additional assets also subject to forfeiture pursuant to the same provisions described in the Superseding Indictment. *See* CR 18-422-PHX-SPL (BSB), Docket #281, attached hereto as Exhibit D. Together, the Superseding Indictment and the Bill of Particulars identify each asset that defendants' Motion to Vacate seeks to have released from government custody (collectively, the "Indicted Assets").

Subsequent to the filing of the Superseding Indictment and the Bill of Particulars, on August 27, 2018, in the District of Arizona, the government filed its Application for Order Regarding Criminal Forfeiture of Property in Government Custody in the related criminal case, CR 18-00422-PHX-SPL (BSB), Docket #282. *See* Exhibit E-1. On August 29, 2018, defendants filed an Opposition to that Application, arguing, among other things, that the government has "engaged in blatant forum shopping" by seeking to restrain the assets in the district where the criminal case remains pending. *See* Opposition, Docket #285, attached as Exhibit E-2, at p. 3.

4

## II. ARGUMENT

### A. Defendants' Motion Lacks Legal Basis For Relief

In their Motion, defendants site no legal theory for their request for the return of the Indicted Assets following their inclusion in an indictment. Defendants seek to challenge the probable cause findings of three CDCA magistrate judges as well as those of the District of Arizona's Grand Jury. The government, of course, will bear the burden of proof of its right to forfeit the Indicted Assets during the trial in the District of Arizona and any subsequent forfeiture portion of that trial. *See* Fed. R. Crim. P. 32.2.

Defendants style their request for the return of property as a "Motion to Vacate" rather than calling it what it really is, a Motion to Return Property pursuant to Federal Rule of Criminal Procedure 41(g), or a motion challenging Sixth Amendment violations pursuant to *United States v. Monsanto*, 491 U.S. 600, 109 S. Ct. 2657, 105 L. Ed. 2d 512 (1989).

Had defendants captioned their motion as one pursuant to Rule 41(g), the law is clear that such motions are not available once the government has initiated criminal forfeiture proceedings against the assets at issue. *See e.g., United States v. Wetselaar*, 2013 WL 8206582, *19 (D. Nev. Dec. 31, 2013) ("It is well-settled that the Government may defeat a Rule 41(g) motion by demonstrating that the property is subject to federal forfeiture," *citing United States v. Fitzen*, 80 F.3d 387, 389 (9th Cir.1996).); *United States v. Chambers*, 192 F.3d 374, 376 (3d Cir.1999) (A Rule 41(g) motion "is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues").

Had defendants captioned their motion as one pursuant to *Monsanto*, seeking funds necessary to retain counsel for the criminal proceedings, the law is equally clear that, as a threshold requirement for a hearing regarding the return of seized funds, defendants must first establish that they "do not have sufficient alternative, unrestrained

assets to fund counsel of their choice." *United States v. Swenson*, 2013 WL 3322632, at *7 (D. Idaho July 1, 2013), *citing U.S. v. Unimex,* 991 F.2d 546 (9th Cir. 1993). "The Government is not required to reestablish probable cause without the defendant first meeting this initial burden. Indeed, a Sixth Amendment concern is not raised until the unseized assets are exhausted or counsel represent that he or she is unable to continue the representation due to a lack of funds." *Wetselaar*, 2013 WL 8206582, at *23, c*iting United States v. Ray*, 731 F.2d 1361 (9th Cir.1984).

At most, in a footnote, defendants site to *United States v. Roth*, 912 F.2d 1131 (9th Cir. 1990) for the proposition that their Motion to Vacate is in "connection . . . with an application for temporary restraining order or preliminary injunction." Defendants' Motion, p.1, fn. 1. A charitable interpretation of defendants' position might construe defendants' Motion as requesting a hearing similar to the kind sought by the claimant in *Roth*.

*Roth*, however, is inapplicable to the facts of this case. In *Roth*, the Ninth Circuit held that, in certain circumstances, pursuant to Rule 65 of the Federal Rules of Civil Procedure, a protective order issued pursuant to 21 U.S.C. Section 853(e) allows for a hearing in connection with that restraining order. *Roth*, 912 F.2d at 1133. In this case, however, the government did not obtain a restraining order pursuant to Section 853(e) when it first seized the funds. Rather, the CDCA courts issued seizure warrants pursuant to 21 U.S.C. Section 853(f) (as referred through 28 U.S.C. § 2461(c)).

More on point is *U.S. v. Unimex,* 991 F.2d 546 (9th Cir. 1993), which involved a seizure warrant, as well as the criminal defendant's Sixth Amendment right to counsel. In *Unimex*, prior to a criminal trial, the corporate defendant had all of its assets seized pursuant to a warrant. *Id.* at 547. The indictment included money laundering allegations and forfeiture allegations that all of Unimex's assets were subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1), and the government filed a parallel civil action against Unimex

for forfeiture of all its property under 18 U.S.C. § 981 and 21 U.S.C. § 881 for substantially the same conduct. *Id.* at 548.

Unimex moved for the return of a portion of seized funds to be used to retain counsel. *Id.* The district court denied Unimex's motion without an evidentiary hearing, and Unimex proceeded to trial with no representation. *Id.* The Ninth Circuit reversed Unimex's conviction, finding that Unimex's Sixth Amendment right to counsel and Fifth Amendment due process rights were violated by taking away all of its assets, denying it an opportunity for a pretrial hearing to show that the funds it sought in order to pay counsel were not subject to forfeiture, and then forcing it to trial without counsel. *Id.* at 550. In reaching this conclusion, however, the Circuit **did not** say the district court was required to hold a hearing to determine whether probable cause existed to uphold the seizure warrant. Rather, *Unimex* stands for the proposition that the hearing defendants now seek is only required after defendants make a sufficient evidentiary showing that there are no adequate alternative, unrestrained assets to fund counsel of choice. *See Swenson*, 2013 WL 3322632, at *8. Such a showing has not been made.

### B. Defendants' Motion Improperly Requires Disclosure of Prosecution Strategy in the Pending District of Arizona Criminal Matter

Defendants' Motion to Vacate would force the government to disclose discovery-type materials otherwise unavailable to defendants at this point in the criminal matter now pending in the District of Arizona. At present, the government has not yet filed civil forfeiture actions. Although the government intends to file civil forfeiture complaints related to the pending Superseding Indictment, the government has not yet filed such complaints, and the criminal matter pending in District of Arizona is the only pending proceeding related to the Indicted Assets. Since there is no pending civil forfeiture action and only the indictment, "the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute." *See* 18 U.S.C. §983(a)(3)(C). As described above, the government has

7

applied to the Court in the District of Arizona for a protective order pursuant to the criminal forfeiture statute, 21 U.S.C § 853(e). *See* Exhibit E-1.  Further, the criminal prosecution would be compromised through deliberate or inadvertent disclosures caused by a hearing held in CDCA on defendants' Motion.

Inherent conflicts arise from the distinct discovery issues related to simultaneous criminal matters and civil proceedings.  *Degen v. United States*, 517 U.S. 820, 825 (1996); *see Afro–Lecon, Inc. v. United States,* 820 F.2d 1198, 1203–1204 (C.A.Fed.1987); *Campbell v. Eastland,* 307 F.2d 478, 487 (C.A.5 1962).  "A criminal defendant is entitled to rather limited discovery, with no general right to obtain the statements of the Government's witnesses before they have testified." *Id.* (looking to the Fed. Rules Crim. Proc. 16(a)(2), 26.2 as guidance).  "In a civil case, by contrast, a party is entitled as a general matter to discovery of any information sought if it appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* (looking to the Fed. Rule Civ. Proc. 26(b)(1) for guidance).  A hearing on defendants' Motion to Vacate would result in improper disclosures relevant to the criminal matter, prying into the prosecution's case in a manner not otherwise permitted.

A hearing on this matter would necessarily require the government to disclose its thought processes and strategy related to defendants' constitutional challenges to the pending criminal proceeding.  In opposing defendants' arguments of constitutional violations, the government would need to walk through the Superseding Indictment and argue to the Court what inferences it should conclude from the pled facts.  These inferences would be the same inferences the United States has itself drawn in its investigation of the criminal matter and would argue to the jury at the criminal trial.  This hearing would result in a preview of the government's strategy in the criminal trial.  What is more, by their Motion to Vacate, defendants essentially seek a hearing that would impermissibly require this Court to rule on ultimate issues that could later be binding on the District Court of Arizona in the criminal matter.  *See United States v.*

1 *Mongol Nation*, 132 F. Supp. 3d 1207, 1217 (C.D. Cal. 2015), rev'd and remanded on
2 other grounds, 693 F. App'x 637 (9th Cir. 2017) ("Defendant has not provided any
3 legal support for the proposition that dismissal of the Indictment or striking the request
4 is the appropriate remedy for a flawed criminal forfeiture allegation. Further, there are
5 many possible outcomes in the course of trial, conviction, and enforcement of any
6 potential forfeiture, such that any adjudication of the constitutional issues would
7 essentially constitute an advisory opinion").

### C. Following Any Civil Complaints, the Government Intends to Seek a Stay of Civil Forfeiture Proceedings Pending the Outcome of Criminal Proceedings

Sometime in September 2018, the government intends to file civil forfeiture complaints in CDCA related to the allegations contained in the Superseding Indictment filed in the District of Arizona. Following such filings, pursuant to 18 U.S.C. § 981(g)(1), the government expects to seek a stay of those civil forfeiture proceedings pending the outcome of the criminal case. Specifically, Section 981(g)(1) requires a stay of "the civil forfeiture proceeding" if the court determines that civil discovery will adversely affect a related criminal investigation or case. 18 U.S.C. § 981(g)(1).

Relatedly, should the Court find that defendants' motion is properly entitled to a hearing, the government requests that such a hearing be considered to function as a request for discovery in the related CDCA civil forfeiture proceeding. Since the government anticipates seeking a stay of any CDCA civil forfeiture proceedings, the government intends to first litigate the related criminal matter pending in the District of Arizona. This also is consistent with the U.S. Attorney's Office's policy of staying related civil forfeiture proceedings in order to avoid implicating the rights of defendants who likely will also be parties to civil actions, and who may be forced to elect between subjecting themselves to civil discovery and invoking their Fifth Amendment rights. Additionally, defendants would not be prejudiced by the granting of a stay, as they would be free to pursue in the District of Arizona this or any similar motion defendants

felt appropriate.

### III. CONCLUSION

For the reasons set forth herein, defendants' Motion to Vacate is improperly brought before this Court and should be denied, or, in the alternative, the Court should construe defendants' Motion as seeking discovery, and should order a stay of any civil forfeiture proceedings related to the pending criminal matter in the District of Arizona.

Dated: September 14, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


   /s/*John J. Kucera*
JOHN J. KUCERA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA