Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Kenneth M. Miller, State Bar No. 151874
kmiller@bmkattorneys.com
Anthony R. Bisconti, State Bar No. 269230
tbisconti@bmkattorneys.com
Whitney Z. Bernstein, State Bar No. 304917
wbernstein@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700; Facsimile (949) 369-3701

James C. Grant (*pro hac vice pending*)
jimgrant@dwt.com
Robert Corn-Revere (*pro hac vice pending*)
bobcornrevere@dwt.com
DAVIS WRIGHT & TREMAINE LLP
1201 Third Avenue
Seattle, Washington 98101-30345
Telephone: (206) 757-8096; Fax: (206) 757-7096

Attorneys for James Larkin

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF:<br><br>ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA ACCOUNT(S) XXXX1889, XXXX2592, XXXX1938, XXXX2912, AND, XXXX2500. | No. CV 18-06742-RGK (PJW)<br><br>*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO ACCESS AND USE PURPORTEDLY INADVERTENTLY PRODUCED MATERIALS; [PROPOSED] ORDER<br><br>Hearing Information<br>Date: October 22, 2018<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Place: Courtroom 850<br>255 E. Temple Street, 8th Fl.<br>Los Angeles, CA 90012 |

*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME

## I. PRELIMINARY STATEMENT

By this application, James Larkin asks the Court to consider on shortened time his concurrently-filed *Motion to Access and Use Purportedly Inadvertently Produced Materials* (the "Production Motion"), so that it may be considered contemporaneously with Mr. Larkin's *Motion to Vacate or Modify Seizure Warrants* (the "Seizure Motion") (Dkt. 6). As set forth below and in the Production Motion, the Production Motion raises several important issues that relate directly to issues at the heart of the Seizure Motion—in particular, material misstatements and/or omissions made by the government in the process of obtaining the civil seizures at issue in the Seizure Motion.

Accordingly, Mr. Larkin asks the Court to rule on the Production Motion on an expedited basis, so that the two motions may be considered contemporaneously.

## II. THE COURT SHOULD CONSIDER THE PRODUCTION MOTION ON AN EXPEDITED BASIS

On July 2, 2018, in the matter of *United States v. Lacey*, No. CR-18-422-PHX-SPL (D. Ariz.), the government produced materials it stated were "mistakenly withheld" from a production of documents the government made roughly a month earlier. *See* Declaration of Paul J. Cambria in Support of Motion to Access and Use Purportedly Inadvertently Produced Materials (the "Cambria Decl."), at Exs. 1 & 2. These documents included numerous exculpatory documents that directly contradict or seriously undermine the central averments in the affidavits submitted in support of the civil seizure warrants that are at issue in the Seizure Motion, and showing that, when seeking the *ex parte* seizure warrants in this Court, the government failed to disclose critical adverse evidence and controlling law.

On July 27, the defense confronted the government with some of the exculpatory documents. In response, the government asserted that it had "inadvertently produced" some documents it previously determined were "mistakenly withheld." *See id.*, Ex. 7 (July 27, 2018 USAO email). On July 30, nearly a month after its supplemental production, the government provided a list of 118 "documents"—comprising nearly 10,000 pages—it claimed had been "inadvertently produced." *See id.*

Thereafter, the defense made multiple inquiries to the government concerning its purported "inadvertent production" and assertion of work-product privilege, including the factual and legal basis for the same. Despite repeated requests and after six weeks' time, the government has provided no meaningful answers, including regarding the cause of the allegedly inadvertent disclosure, what steps (if any) the government took to avoid such a wholesale inadvertent production, and whether the government had disclosed the documents at issue, or their substance, to third parties. Instead, even after receiving the government long-promised letter Tuesday evening, the defense has only incomplete and evasive answers to their repeated inquiries. *See, id*. at ¶ 15 & Exs. 8-15.

Pursuant to its Order entered September 17, 2018—after noting the government's troubling "inability to adhere to deadlines"—the Court granted the government yet a further extension of time to file its opposition to the Seizure Motion. *See* Dkt. 55 (Minute Order). In that same Order, the Court gave Mr. Larkin and parties joining the Seizure Motion until September 25, 2018 to file any reply to the government's opposition, and indicated that it would then take the matter under submission, with no counsel appearing at the calendared September 24, 2018 hearing. *Id.*

Much like its troubling inability to adhere to deadlines set by this Court, the government made repeated promises to provide information responding to the direct and specific inquiries made by defense counsel concerning the government's purported inadvertent disclosure and work-production assertions, but the government failed to timely respond and, when it finally responded two days ago, failed to provide adequate information. While Defendants made extensive efforts to resolve this issue prior to filing the Production Motion, it appears that the government's repeated assurances that information will be provided, but failure to meaningfully respond to the defendants' requests for information substantiating the alleged "inadvertent disclosure" and work-product assertions, has been designed to prevent these documents from being used in connection with the Seizure Motion, and to shield the documents from Court scrutiny when ruling on the same.

## III. CONCLUSION

For the foregoing reasons, and for those set forth in the Production Motion, Mr. Larkin respectfully requests that the Court grant this application and set an expedited briefing schedule on the Production Motion, so that the Court may consider it concurrently with the Seizure Motion.

On September 17, 2018, prior to filing this application, Mr. Larkin's counsel attempted to contact Assistant United States Attorney John A. Kucera (T: (213) 894-3391; E-mail: John.Kucera@usdoj.gov) to determine the government's position on the requested relief. As of the filing of this application, no response has been received from Mr. Kucera. Notwithstanding the same, Mr. Larkin believes the government will likely oppose this application.

Dated: September 20, 2018        BIENERT, MILLER & KATZMAN, PLC
                                 By: /s/ Thomas H. Bienert
                                     Thomas H. Bienert
                                     Kenneth M. Miller
                                     Anthony R. Bisconti
                                     Whitney Z. Bernstein
                                     Attorneys for James Larkin

                                 DAVIS WRIGHT & TREMAINE, LLP
                                 By: /s/ James C. Grant
                                     James C. Grant
                                     Robert Corn-Revere
                                     Attorneys for James Larkin

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 20, 2018, I served the following document described as EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO ACCESS AND USE PURPORTEDLY INADVERTENTLY PRODUCED MATERIALS on all interested parties in this action as stated on the attached service list:

[  ] **BY MAIL** - I deposited such envelope in the mail at San Clemente, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Clemente, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[  ] **BY PERSONAL SERVICE** - I caused such envelope to be delivered by a process server employed by   Name of process service company  .

[X] **BY ELECTRONIC TRANSMISSION** - I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[  ] **BY OVERNIGHT DELIVERY** - I deposited such envelope for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by   Name of Company  . They are deposited with a facility regularly maintained by   Name of Company   for receipt on the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 20, 2018, at San Clemente, California.

/s/ Carolyn K. Howland
Carolyn K. Howland

## SERVICE LIST

*IN THE MATTER OF THE SEIZURE OF: ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA ACCOUNT(S) XXXX1889, XXXX2592, XXXX1938, XXXX2912, AND XXXX2500*

Central District of California – Case No. CV 18-06742-RGK (PJW)

- Whitney Z Bernstein
wbernstein@bmkattorneys.com,4579179420@filings.docketbird.com

- Thomas H Bienert , Jr
tbienert@bmkattorneys.com,4579179420@filings.docketbird.com,admin@bmkattorneys.com

- Anthony R Bisconti
tbisconti@bmkattorneys.com,4579179420@filings.docketbird.com,admin@bmkattorneys.com

- Paul J Cambria , Jr
pcambria@lglaw.com,kdrewery@lglaw.com,akelly@lglaw.com,gpelletterie@lglaw.com,emccampbell@lglaw.com

- Scott R Commerson
scottcommerson@dwt.com,laxdocket@dwt.com,myraizzo@dwt.com

- Janey Henze Cook
janey@henzecookmurphy.com

- Robert Corn-Revere
bobcornrevere@dwt.com,carolkaltenbaugh@dwt.com,WDCDocket@dwt.com

- Bruce S Feder
bf@federlawpa.com,fl@federlawpa.com

- John Kucera
john.kucera@usdoj.gov,USACAC.Criminal@usdoj.gov,krystie.sor@usdoj.gov,CaseView.ECF@usdoj.gov,shannen.beckman@usdoj.gov,deena.bowman@usdoj.gov

- Gary S Lincenberg
gsl@birdmarella.com,kjf@birdmarella.com,docket@birdmarella.com

- Erin E McCampbell
emccampbell@lglaw.com

- Kenneth M Miller
kmiller@bmkattorneys.com,4579179420@filings.docketbird.com,

1 admin@bmkattorneys.com

2 •Ariel A Neuman
3 aan@birdmarella.com,brl@birdmarella.com,aneuman@birdmarella.com,rec@birdmarella.com

4 •Gopi K Panchapakesan
5 gkp@birdmarella.com,kmm@birdmarella.com

6 •John K Rubiner
jrubiner@bkolaw.com,lbarney@bkolaw.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26