THOMAS H. BIENERT, JR., CA State Bar No. 135311
tbienert@bmkattorneys.com
KENNETH M. MILLER, CA State Bar No. 151874
kmiller@bmkattorneys.com
ANTHONY R. BISCONTI, CA State Bar No. 269230
tbisconti@bmkattorneys.com
WHITNEY Z. BERNSTEIN, CA State Bar No. 304917
wbernstein@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700 / Facsimile (949) 369-3701
Attorneys for JAMES LARKIN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Seizure of:<br><br>Any and all funds held in Republic Bank of Arizona Accounts xxxx1889, xxxx2592, xxxx1938, xxxx2912, and xxxx2500 | Case No. 2:18-CV-06742-RGK-PJW<br><br>Hon. R. Gary Klausner<br><br>**REPLY IN SUPPORT OF MOTION TO VACATE OR MODIFY SEIZURE WARRANTS**<br><br><u>Hearing Information</u><br>Date: September 24, 2018[1]<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Place: Courtroom 850<br>      255 E. Temple Street, 8th Fl.<br>      Los Angeles, CA 90012 |

---

[1] Pursuant to the Court's minute order entered September 17, 2018, while this hearing would remain on calendar, no appearances of counsel would be necessary, and this reply would be due September 25, 2018. *See* Dkt. 50.

The government offers no substantive response to Movant James Larkin's motion to vacate seizures[2] which details how the government misled courts in this district to illegally seize and hold substantial assets in violation of the First, Fourth and Fifth Amendments (the "Motion").[3] Dkt. 6. Instead, the government claims these issues may not be considered *at all* by this Court, and may only be heard in the District of Arizona at the conclusion of a criminal trial, some two years hence.

The First Amendment precludes seizure of publishers' assets or proceeds without a pre-seizure hearing in which the government must prove illegality of speech and the publishers' *mens rea*. Government agents' accusations or putative probable cause are not enough. Having failed to provide a pre-seizure hearing, at a minimum the Fifth Amendment entitles Movants to a prompt post-seizure hearing to address these constitutional challenges.

The government's strategy is to avoid Movants' substantive arguments entirely. After delaying the process by ignoring several deadlines, the government now seeks to avoid accountability for misleading this Court to obtain the warrants in the first place. The government's refusal to engage on the substantive issues, its repeated efforts to evade Movants' rights to a hearing, and its efforts to avoid any judicial oversight of its improperly-obtained seizure warrants, demand immediate correction by this Court.

## ARGUMENT

**A. The Government Has Offered No Response on the Merits of the Motion.**

Movants seek to invalidate the seizures on constitutional grounds that the government refuses even to acknowledge, much less address. But the issues are clear and dispositive:

1. Movants' First Amendment rights prohibit the government's pretrial seizure of publishing assets or proceeds. *See* Motion at 13-18; *see also Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 65 (1989) (pre-conviction seizure unconstitutional); *Adult Video Ass'n v. Barr*, 960 F.2d 781 (9th Cir. 1992) (pretrial forfeiture of publishing material unconstitutional); *Simon &*

---

[2] Larkin is joined by Michael Lacey, John Brunst and Scott Spear (collectively "Movants"),
[3] These seizures now include freezing funds in the trust accounts of one of the law firms representing Movants, in violation of Movants' Sixth Amendment right to mount a defense.

*Schuster, Inc. v. Members of the N.Y. State Crime Victims Bd.*, 502 U.S. 105, 111, 115 (1991) (First Amendment bars seizing publishing proceeds).

2. *Even if* such pretrial seizures could ever be justified, the *ex parte* warrants and resulting seizures were fatally defective because they provided no prompt hearing, were issued on a mere showing of probable cause and not the required higher standard, and provided no mechanism for accountability. *See* Motion at 18-20; *see also Fort Wayne Books, Inc.*, 489 U.S. at 66 (probable cause insufficient to seize publishing material/ assets); *Blount v. Rizzi*, 400 U.S. 410, 416 (1971) (First Amendment requires adequate procedures). In any hearing the government has the burden to trace all seized proceeds to specific advertisements known by Movants to be illegal. *See* Motion at 29-36.

3. *Even if* pretrial seizures of this type could be justified by probable cause, the government obtained the seizure warrants here through knowing, material misrepresentations and omissions and it failed to mention controlling case law, in violation of Movants' First and Fourth Amendment rights. *See id.* at 20-29; *Franks v. Delaware*, 438 U.S. 154, 156 (1978).

4. Finally, *even if* the government had shown that some funds were subject to seizure, the wholesale seizure of assets unrelated to Backpage.com and the government's failure to trace even Backpage publishing proceeds to specific instances of alleged criminal wrongdoing render the seizures overly broad and invalid. Motion at 36-40. In addition to the First and Fourth Amendment problems set forth above, the seizure of a defendants' untainted assets needed to retain counsel of choice violates the Sixth Amendment. *Luis v. United States*, 136 S. Ct. 1083, 1088 (2016).

The government does not cite a single case in the constitutional context – nor could it – that would authorize such pretrial seizures of publishing assets, which evidently explains why it is urging this Court not to look at the issue. With no opposition, the Court should invalidate seizure warrants without further delay and require the immediate return of assets to Movants. If the government wishes to pursue constitutionally permissible pre-trial seizures – with a hearing, shouldering its burdens, based on more than agents' accusations or probable cause, it can do so. But the present seizures must be vacated.

### B. The Government's Only Response Has Been To Play a Shell Game Based on Procedural Machinations and Filings, and to Distort the Issues with Inapplicable "Straw Man" Arguments.

The government seeks to avoid review of its massive pre-trial seizures of Movants' assets. It argues that its desire to hide its "thought processes and strategy related to defendants' constitutional challenges" trumps Movants' constitutional rights not to have their property illegally taken from them. *See* Dkt. 53 at 8. The Constitution of course requires the opposite, but in any event the government misses the point: The government created the need to prove its claims by invoking this Court's authority to seize substantial assets through *ex parte* applications. This triggered Movants' constitutional rights to demand that the government establish a justification for its actions. The government's remarkable claim that it is shielded from revealing its "trial strategy" would have staggering implications, and would vitiate the long line of Supreme Court cases, like *Franks v. Delaware*, specifically intended to allow citizens review of government impropriety. Government wrongdoers cannot simply avoid review by asserting a desire to keep criminal "trial strategy" secret.

The cases the government cites do not support this absurd proposition. In fact, its citation of *Degen v. United States*, 517 U.S. 820 (1996), thoroughly undermines its claim. There, the Supreme Court rejected the argument – like the one the government makes here – that the difference between criminal and civil discovery rules requires that a forfeiture challenge be deferred to avoid giving the defendant an improper advantage in the criminal case. The Court observed that "a citizen has a right to a hearing to contest the forfeiture of his property, a right secured by the Due Process Clause." 517 U.S. at 822. Regarding government concerns about criminal case strategy, the Court noted that the district court "can exercise its discretion to manage the civil litigation to avoid interference with the

criminal case." *Id.* at 826. None of the other cases the government cites are any better.[4]

The government also has engaged in forum shopping. After Movants filed the Motion, the government sought an order in Arizona authorizing the continued possession of seized property without disclosing that this Court had already scheduled a hearing on the seizures' legality. At the same time, it told this Court that it would not oppose Movants renewing their motion in Arizona, without informing this Court that it argued in Arizona that Movants are powerless to challenge its possession of their assets until *after* the criminal trial (which is not scheduled to occur until the year 2020). *See* Dkt. 40 at 2; Dkt. 54. The government's lack of candor was intended to deprive Movants for two years of any review of the illegal taking of their property.

The government also seeks to distract from any review of its illegal actions by setting up inapplicable "straw man" arguments. First, despite previously telling this Court it would not object to the filing of any related appropriate motion in the District of Arizona, in its opposition it now notes that its Superseding Indictment has forfeiture allegations and asserts that "such motions *are not available* once the government has initiated criminal forfeiture proceedings against the assets at issue." Dkt. 53 at 5 (emphasis added). The opposition also disclosed that the government intends to file complaints in this Court for the seizures it has already effected, and these complaints should be stayed until the conclusion of the criminal proceedings. Dkt. 53 at 9. These assertions, however, have no bearing on the Motion because neither civil nor criminal forfeiture filings create an independent basis for *pre-trial* seizure of assets. Since no trials or adversarial evidentiary hearings have occurred proving forfeitability of any of the assets, the government cannot seize and possess the assets pre-trial, and the assets must be returned to Movants.

---

[4] For example, in *Afro-Lecon, Inc. v. United States*, 820 F.2d 1198 (C.A. Fed. 1987) the court found a stay of civil proceedings was not automatic despite possibility of a discovery advantage, particularly in cases of government abuse or where "constitutional rights are in issue." *Id.* at 1201-03 (citations omitted). In *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962), the court noted only that "a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases" and has discretion to decide how to proceed). *United States v. Mongol Nation*, 132 F. Supp. 3d 1207 (C.D. Cal. 2015), *rev'd*, 693 F. Appx. 637 (9th Cir. 2017) is irrelevant as it dealt with a motion to dismiss the indictment.

The government also attempts to avoid this Court's review of the illegal seizures by saying Movants' challenges must be treated as a Fed. R. Crim. P. 41(g) motion for return of property. *Id.* at 5.  Once it sets up the Rule 41 straw man argument, it then conveniently argues that Rule 41 precludes any challenge to seizures once "the government has initiated criminal forfeiture proceedings against the assets at issue." *Id.*  The government thus seeks to create a procedural dead end so it can claim that Movants can get no relief.  This gambit once again leads to the untenable conclusion that no matter how improper the government's actions were in seizing the assets, Movants cannot challenge the seizures and must wait until trial is over in 2020 for any review of the government's illegal taking of their property.  But Movants have not challenged the illegal civil seizure warrants under Rule 41; they have done so based on First Amendment, Fifth Amendment, due process and other constitutional grounds that directly apply to the inaccurate and misleading *ex parte* applications the government made to courts in this District.  The government cannot re-characterize the Motion into something it is not and treat the fact that it seized assets as an unchallengeable *fait accompli*.

Rule 41(g) of the Federal Rules of Criminal Procedure does not govern Movants' Motion. In any event, it is clear the government seeks to recast the Motion as supposedly falling under Rule 41(g) in an effort to claim that Movants can get no hearing and/or to urge more procedural limits to constrain any relief.

First, the government says it will be filing a civil forfeiture complaint and then, in the next breath, claims Rule 41(g) is unavailable after a civil forfeiture complaint has been filed. *See* Dkt. 53 at 5, 7-9.  Also, the government may argue that under Rule 41(g) Movants bear the burden of proof and, while this is wrong as a general matter (*see United States v. Ripinsky*, 20 F.3d 359, 361 (9th Cir. 1994) (government seizures treated as injunctions for procedural purposes); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 441 (1974) (party seeking injunction has burden to prove that it should not be dissolved)), it is especially wrong in this case because the government's seizures implicate First Amendment rights. The burden always falls to the government in this context.

6
REPLY IN SUPPORT OF MOTION TO VACATE OR MODIFY SEIZURE WARRANTS

The same reasoning applies to the government's attempts to recast the Motion to assert that it must be about Sixth Amendment challenges about having insufficient funds for counsel. Dkt. 53 at 5. In its prosecution, the government *has* interfered with Defendants' Sixth Amendment rights in many ways,[5] but the focus of the Motion is the government's violation of First, Fourth, and Fifth Amendment rights. But the government is wrong about the Sixth Amendment as well. The Supreme Court has made clear that the Sixth Amendment prohibits seizing "innocent" funds that are unrelated to the alleged crimes, as the government did in this case. *Luis*, 136 S. Ct. at 1093. Here, the issues are the impropriety of the seizures in the first place, regardless of the compounding problems of the government's efforts to interfere with funding counsel of choice.

None of this is the law. Although the government asserts at every turn it may foreclose Movants' challenges to seizures, its actions are contrary to established First and Fourth Amendment law and the denial of a hearing violates Due Process.

### C. Movants Have a Right to Hearing About the Government's Seizures.

The Motion explained that, under longstanding First Amendment precedent, the government's seizures were constitutionally infirm because there was no pre-seizure hearing applying the requisite burdens on the government to prove illegality of specific speech and *mens rea*. *See* Motion at 20-25, 29-35. The government's seizures should be invalidated for this reason, without more. In any event, Movants are entitled to a prompt hearing on their Motion under principles of Fifth Amendment due process. *Id.*

It has long been established in the Ninth Circuit that a defendant whose property is seized has a due process right "to be heard at a meaningful time and in a meaningful manner." *United States v. Crozier*, 777 F.2d 1376, 1383 (9th Cir. 1985) (internal quotation omitted). This means a hearing "before trial or conviction," because waiting until "months or years after a restraining order is issued" cannot be "a hearing provided at a meaningful

---

[5] *See, e.g.*, *U.S. v. Lacey et al*, No. 2:18-cr-422-SPL (D. Ariz) at Dkt. Nos. 118 & 174 (regarding government's effort to disqualify Movants' counsel in the criminal case); *id.* at Dkt. No. 235 (defendants' request for discovery related to the government's violation of attorney client and work product privileges); *id.* at Dkt. No. 273 (request that government comply with *Brady* and *Giglio* obligations).

time." *Id.* at 1384 ("The risk of an erroneous deprivation under these procedures is high") (internal quotations omitted); *accord United States v. Roth*, 912 F.2d 1131, 1132-33 (9th Cir. 1990) ("in order for a restraining order under § 853 to be constitutional, the district court must hold a hearing under Rule 65 to determine whether probable cause exists to issue an injunction."). The government's position apparently is that any consideration by the Court of the constitutional flaws of the government's extensive seizures must await the outcome of criminal proceedings in 2020.

But this falls well short of due process requirements for judicial review at a meaningful time and in a meaningful manner. Such review would meet at least three purposes: First, it would further Movants' rights under the First Amendment to a heightened evidentiary showing ("more than probable cause") to justify the seizures. Second, it would address Movants' rights to ensure that their assets were not seized based on knowing misrepresentations and omissions. Third, it would further Movants' rights to ensure that their assets were not seized without the required tracing to the charged crimes.

The government's argument that a hearing may be required for a restraining order under Section 853(e) but not for a seizure order under Section 853(f), *see* Dkt. 53 at 6, is unsupported and nonsensical. Ninth Circuit precedents require due process protections for government actions that restrain assets. *See, e.g.*, *Crozier*, 777 F.2d at 1383; *Roth*, 912 F.2d at 1133. Perhaps obviously, when the government *takes* assets, that is a more substantial deprivation of property rights than merely getting a restraining order limiting *transfer* of assets (while allowing a defendant rights to otherwise retain and use the assets). Neither law nor logic supports a claim that the government may evade due process requirements simply by citing a different statutory subsection and then engaging in a more onerous seizure.

These requirements have not been met, where the government refuses even to acknowledge they exist. Accordingly, the seizure warrants must be vacated and the property returned to the Movants.

//
//

## CONCLUSION

For all the foregoing reasons, as well as those previously plead to this Court, the Court must reject the government's unconstitutional and untenable position and vacate or modify the seizure warrants as requested. Alternatively, the Court should hold the hearing the government was required to provide.

Dated:   September 25, 2018         */s/ Thomas H. Bienert, Jr.*
                                    BIENERT, MILLER & KATZMAN, PLC
                                    Attorneys for James Larkin

# CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and am a resident employed in Orange County, California; that my business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673; that I am over the age of 18 and not a party to the above-entitled action.

I further certify that I am employed by a member of the United States District Court for the Central District of California and at whose direction I caused service of: **REPLY IN SUPPORT OF MOTION TO VACATE OR MODIFY SEIZURE WARRANTS** on the interested parties as follows:

[X] **BY ELECTRONIC MAIL**: by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

John.kucera@usdoj.gov
bobcornrevere@dwt.com
scottcommerson@dwt.com
gsl@birdmarella.com
aan@birdmarella.com
gkp@birdmarella.com
emccampbell@lglaw.com
janey@henzecookmurphy.com
jrubiner@bkolaw.com
bf@federlawpa.com

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made

Executed on September 25, 2018 at San Clemente, California.

/s/ Michele Ueda
Michele Ueda