THOMAS H. BIENERT, JR., CA State Bar No. 135311
tbienert@bmkattorneys.com
KENNETH M. MILLER, CA State Bar No. 151874
kmiller@bmkattorneys.com
ANTHONY R. BISCONTI, CA State Bar No. 269230
tbisconti@bmkattorneys.com
WHITNEY Z. BERNSTEIN, CA State Bar No. 304917
wbernstein@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700 / Facsimile (949) 369-3701
Attorneys for JAMES LARKIN

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Seizure of:<br><br>Any and all funds held in Republic Bank of Arizona Accounts xxxx1889, xxxx2592, xxxx1938, xxxx2912, and xxxx2500 | Case No. 18-CV-06742-RGK-PJW<br><br>Hon. R. Gary Klausner<br>Date:   September 24, 2018<br>Time:  9:00 a.m.<br><br>**Notice of Material Development** |

Movants filed a motion to vacate the civil seizure warrants on August 1, 2018. Doc. 6. The motion challenges the pretrial seizure of defendants'/claimants' assets on multiple grounds, including the fact that pretrial seizure of publishing assets and proceeds is foreclosed by the First Amendment; that the government failed to provide a prompt hearing under appropriate constitutional standards that require more than a showing of probable cause; because the seizure warrants were procured based on material, misrepresentations and omissions; and because the government made no attempt to trace the specific assets to a criminal source.

Since then, the government has done everything possible to prevent this Court from substantively considering and ruling on that motion. On August 23, 2018, government counsel represented that he had a conflict with the hearing date, so at his request the parties stipulated to a continuance. Doc. 32. But instead of responding to the motion, government counsel

took the additional time to instead ask another federal judge, in the District of Arizona, to issue a criminal restraining order for the same assets under 21 U.S.C. § 853(e).  *See* Docs. 40 and 40-1.  The government then claimed such a restraining order would "moot" the motion currently pending before this Court.  Doc. 40.

On October 5, 2018, Movants learned for the very first time, when government counsel telephonically addressed the federal judge in Arizona presiding over its application for a restraining order under § 853(e), that it had filed multiple civil forfeiture complaints against the very same assets it purported to include in its criminal case and had restrained earlier through the civil seizure warrants, and intended to seek a stay of the civil proceedings until the criminal case concluded.  Movants have yet to be served with any civil forfeiture complaint.  Instead, Movants searched the Court's docket and obtained the government's latest pleadings.  *See, e.g.*, 18-CV-8420-MRW, 18-CV-8423-RGK-PJW, 18-CV-8566-AB-SK, 18-CV-8568-JFW-AS.

The filing of these complaints perpetuates a consistent pattern by the government of trying to forestall any judicial review of the legality of these seizures.  However, the filing of these civil forfeiture complaints does nothing to change the status of Movants' motion pending before this Court.  The civil forfeiture complaints are virtually identical to the civil seizure warrants Movants challenged in the motion.  The invocation of different procedural devices to seize the named assets cannot cure the fact that the government's actions violate basic First Amendment principles and are defective even under the theory set forth in the original seizure warrants. In fact, the civil forfeiture complaints repeat the same material misrepresentations and omissions reflected in the civil seizure warrants, and the government's willingness to repeat them after they have been identified for this Court may raise separate ethical questions.  The civil forfeiture complaints set forth no new facts that could justify the pretrial seizure of assets and suffer from all the same defects identified in Movant's Motion to vacate the seizure warrants.  The government's refusal to address the substantive arguments in the Motion, and its repeated attempts to evade the Court's review, undermine the integrity of the process.

To the extent that the government has now obtained arrest warrants *in rem* against the assets named in its civil forfeiture complaints, those arrest warrants are not based on any judicial finding of probable cause separate from the civil seizure warrants that this Court is currently examining. As set forth in the Motion, a probable cause finding would be insufficient to support the seizures in any event because of the underlying First Amendment issues. But even under the government's theory the arrest warrants are deficient. Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G") provides that — where the defendant is not real property — "(i) the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control; (ii) the court — on finding probable cause — must issue a warrant to arrest the property if it is not in the government's possession, custody, or control and is not subject to a judicial restraining order; and (iii) a warrant is not necessary if the property is subject to a judicial restraining order." Fed. R. Civ. P. Supp. R. G(3)(B). Here, it appears that the Deputy Clerk of the Court signed the arrest warrants *in rem* without a finding of probable cause or a court order, presumably because the government represented that it was already in lawful possession of the property, despite Movants' pending motion that argues the government's seizure of these assets was unlawful and should be vacated. The question of "lawful possession" is the very question this Court has been asked to resolve, and the issue the government has again taken steps to avoid answering.[1]

The pending Motion to vacate the civil seizure warrants show that the government has acted illegally in this case: Its pretrial seizure of the assets and proceeds of publishing is plainly barred as a violation of the First Amendment; its denial of a prompt hearing – indeed,

---

[1] Even before Supplemental Rule G took effect in 2006 (incorporating the procedural protections of the Civil Asset Forfeiture Reform Act of 2000) it was well-established that the Fourth Amendment requires that a neutral and detached judicial officer determine whether probable cause exists prior to the issuance of a warrant, including an arrest warrant *in rem*. *See United States v. Turner*, 933 F.2d 240 (4th Cir. 1991); *United States v. One Hundred Twenty-Eight Thousand Thirty-Five Dollars ($128,035.00) in U.S. Currency*, 628 F.Supp. 668 (S.D. Ohio 1986), appeal dismissed, 806 F.2d 262 (6th Cir. 1986); *In re Kingsley*, 614 F.Supp. 219 (D. Mass.1985), appeal dismissed, 802 F.2d 571 (1st Cir. 1986). As set forth in the Motion, however, not even a probable cause showing can justify the pre-trial seizure of assets or proceeds of publishing, and, in any event, the government's attempt to establish probable cause was deficient.

NOTICE OF MATERIAL DEVELOPMENT

its repeated efforts to avoid even a belated hearing – flout established First, Fourth and Fifth Amendment commands; and its doubling down on what it knows to be misleading and deceptive representations to justify the seizures, cries out for judicial supervision. The filing of civil forfeiture complaints, which allege the very same facts contained in the seizure warrants, against largely the same assets, not only fails to justify the seizures, it underscores why this Court must address the substance of the Motion.  Moreover, the arrest warrants in rem against those assets, which were not based on any new finding of probable cause, do not change the status of Movants' pending motion.

     Movants respectfully reiterate the request that the seizures be vacated and assets returned to defendants, and to the extent that the Court may disagree, defendants/claimants are entitled to a prompt hearing.

Respectfully submitted,

Dated:   October 10, 2018    */s/ Thomas H. Bienert, Jr.*
BIENERT, MILLER & KATZMAN, PLC
Attorneys for James Larkin

# CERTIFICATE OF SERVICE

I certify that on this 10th day of October, 2018, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

*/s/ Toni Thomas*
Toni Thomas

CM/ECF Registrants:

- Whitney Z Bernstein, wbernstein@bmkattorneys.com,admin@bmkattorneys.com
- Thomas Henry Bienert, Jr, tbienert@bmkattorneys.com,tlindemann@bmkattorneys.com,admin@bmkattorneys.com
- Anthony Ray Bisconti, tbisconti@bmkattorneys.com,3166673420@filings.docketbird.com,admin@bmkattorneys.com
- Paul John Cambria, Jr, pcambria@lglaw.com,kdrewery@lglaw.com,gpelletterie@lglaw.com
- Anne Michelle Chapman, anne@mscclaw.com,julie@mscclaw.com
- Janey Henze Cook, janey@henzecookmurphy.com,jackie@henzecookmurphy.com
- Robert Corn-Revere, bobcornrevere@dwt.com,carolkaltenbaugh@dwt.com,ronnielondon@dwt.com
- Bruce S Feder, bf@federlawpa.com,fl@federlawpa.com
- James C Grant, jimgrant@dwt.com,danielanajera@dwt.com,seadocket@dwt.com
- Reginald E Jones, reginald.jones4@usdoj.gov
- Michael D Kimerer, MDK@kimerer.com,mwallingsford@kimerer.com,jpak@kimerer.com
- Peter Shawn Kozinets, Peter.Kozinets@usdoj.gov,tammie.holm@usdoj.gov,melody.karmgard@usdoj.gov
- John Jacob Kucera, john.kucera@usdoj.gov,shannen.beckman@usdoj.gov,deena.bowman@usdoj.gov
- Gary S Lincenberg, glincenberg@birdmarella.com,kferguson@birdmarella.com
- John Lewis Littrell, jlittrell@bmkattorneys.com,tlindemann@bmkattorneys.com,admin@bmkattorneys.com
- Ronald Gary London, ronnielondon@dwt.com
- K C Maxwell, kcm@kcmaxlaw.com,dtc@kcmaxlaw.com
- Erin E McCampbell, emccampbell@lglaw.com,akelly@lglaw.com
- Kenneth Morley Miller, kmiller@bmkattorneys.com,pkralich@bmkattorneys.com,admin@bmkattorneys.com
- Rhonda Elaine Neff, rneff@kimerer.com,mwallingsford@kimerer.com
- Ariel A Neuman, aneuman@birdmarella.com,blee@birdmarella.com
- Gopi K Panchapakesan, gpanchapakesan@birdmarella.com,kminutelli@birdmarella.com,docket@birdmarella.com
- Margaret Wu Perlmeter, margaret.perlmeter@usdoj.gov,nicole.thomas@usdoj.gov,CaseView.ECF@usdoj.gov
- Michael L Piccarreta, mlp@pd-law.com,bpolowetz@pd-law.com,jkeenan@pd-law.com
- Kevin M Rapp, Kevin.Rapp@usdoj.gov,CaseView.ECF@usdoj.gov,sally.hawley@usdoj.gov
- Lee David Stein, lee@mscclaw.com,julie@mscclaw.com,brianne@mscclaw.com
- Andrew C Stone, andrew.stone@usdoj.gov,CaseView.ECF@usdoj.gov,gaynell.smith@usdoj.gov
- Stephen M Weiss sweiss@karpweiss.com,vvitolo@karpweiss.com,aconner@karpweiss.com
- Gregory Michael Zamora, gmz@dkwlawyers.com