1   NICOLA T. HANNA
    United States Attorney
2   LAWRENCE S. MIDDLETON
    Assistant United States Attorney
3   Chief, Criminal Division
    STEVEN R. WELK
4   Assistant United States Attorney
    Chief, Asset Forfeiture Section
5   JOHN J. KUCERA (California Bar No. 274184)
    Assistant United States Attorney
6   Asset Forfeiture Section
        Federal Courthouse, 14th Floor
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone:  (213) 894-3391
        Facsimile:  (213) 894-0142
9       E-mail: John.Kucera@usdoj.gov
10
    Attorneys for Plaintiff
11  UNITED STATES OF AMERICA

12                      UNITED STATES DISTRICT COURT

13              FOR THE CENTRAL DISTRICT OF CALIFORNIA

14  IN THE MATTER OF THE SEIZURE OF:      No. CV 18-06742-RGK (MAAx)

15    ANY AND ALL FUNDS HELD IN           **PLAINTIFF'S EX PARTE APPLICATION**
      REPUBLIC BANK OF ARIZONA            **FOR PARTIAL STAY**
16    ACCOUNTS XXXX1889; XXXX2592,        **AND PROPOSED ORDER**
      XXXX1938, XXXX2912, AND
17    XXXX2500.

18

19

20

21

22        Plaintiff United States of America (the "government"), by and

23  through its counsel of record, the United States Attorney for the

24  Central District of California and Assistant United States Attorney

25  John J. Kucera, hereby applies for an order staying the briefing

26  schedule for claimant James Larkin's (the "claimant") Motion to

27  Access and Use Purportedly Inadvertently Produced Materials (the

28  "Motion").

1

I.    Introduction

2          On March 28, 2018, and on July 25, 2018, in the District of

3 Arizona, the government filed an indictment and a first superseding

4 indictment, respectively, with a trial date presently set for January

5 15, 2020, see *United States v. Lacey, et al.*, CR-18-00422-SPL (the

6 "criminal matter").  The indictment and first superseding indictment

7 included forfeiture allegations that seek, among other things, all of

8 the assets seized pursuant to seizure warrants issued in this

9 District, including the assets identified in the above-captioned

10 matter (the "defendant assets").  On October 5, 9, 10, and 11, 2018,

11 the government filed civil forfeiture complaints seeking to forfeit

12 almost the exact same assets,[1] and the government has filed Notices

13 of Related Cases in order to alert the Court to this pending civil

14 action.[2]

15         On September 20, 2018, claimant applied to this Court seeking an

16 order to grant claimant access and use of inadvertently disclosed

17 materials (Dkt. #59 in this matter) produced pursuant to the May 2,

18 2018, Case Scheduling Order entered in the Arizona criminal matter

19 (Dkt. # 131 in the Arizona criminal matter), including grand jury and

20 other investigative materials protected by the work-product doctrine,

21 Fed.R.Crim.P. 16(a)(2), Fed.R.Crim.P.6(e), and/or other applicable

22 privileges and protections.

23         As explained below, moving forward with claimant's Motion and,

24 indefed, providing any civil discovery at all, would allow claimant to

25

26         [1] The civil forfeiture actions are *in rem*, and as such, they do
not seek any money judgments from the defendants in the criminal
actions.

27

28         [2] For procedural reasons, the government has identified
anticipated claimants related to the assets sought by the complaints,
and the government has filed the complaints in such a way to group
the assets based on those anticipated claimants.

1 access and use otherwise impermissible and protected materials.  Such

2 access and use would inevitably concern the government's strategy and

3 processes (both civilly and criminally) and would likely have an

4 adverse effect on the Arizona criminal matter.  Such outcomes are not

5 permitted under 18 U.S.C. § 981(g)(1).  Therefore, this case should

6 be stayed.

7 **II.  The Government Cannot Fully Oppose the Claimant's Motion Without Divulging Its Thought Processes and Legal Strategy in Connection with the Arizona Criminal Matter**

8

9 For the government to fully and fairly oppose claimant's Motion,

10 the government would need to explain its position as to why the

11 documents in dispute should be withheld.  To fully and fairly oppose

12 claimant's Motion, the government would need to walk through and

13 explain what inferences to draw (or not to draw) with respect to the

14 disputed materials in question.  By providing such an explanation,

15 the government risks disclosing its thought processes and legal

16 strategy in the ongoing criminal matter.

17 In addition, discussing the import of these materials would give

18 claimant and his co-conspirators in the pending criminal matter

19 impermissible insight into the government's thought processes and

20 strategy with respect to that matter.  This is because the inferences

21 that the government would ask the Court to draw in determining the

22 status of the disputed materials would be the same inferences that

23 the government has itself drawn in building a foundation and

24 structuring and pursuing the related criminal matter.  These concerns

25 are especially acute in the instant case given that claimant's Motion

26 relies on facts and documents outside the pleadings, and consists of

27 what the government contends to be impermissible evidence, protected

28 by the work-product doctrine, Fed. R. Crim. P. 16(a)(2), Fed. R.

1   Crim. P. 6(e) and/or other applicable privileges and protections.

2        Section 981(g)(1) requires a stay of "the civil forfeiture

3   proceeding" if the court determines that civil discovery will

4   adversely affect a related criminal investigation or case.  18 U.S.C.

5   § 981(g)(1).  "The civil forfeiture proceeding" refers to the entire

6   civil forfeiture case.

7        To prevent disclosure of the government's thought process and

8   strategy for the criminal investigation, information to which

9   claimant is not entitled at this time, the case should be stayed.

10  Furthermore, should this Court stay the pending civil cases, the

11  defendants in the criminal matters (including James Larkin, the

12  claimant here) are free to address the exact same discovery issues in

13  that forum.

14       Finally, as a matter of equity, because the defendant assets

15  sought to be forfeited in the recently filed civil cases are

16  essentially the same assets sought in the criminal matter, any

17  disclosures made in the civil discovery process would be detrimental

18  to the government's ability to effectively prosecute the criminal

19  matter.  Such an outcome is both inherently unfair and prejudicial to

20  the government.

21       **III. There Is No Prejudice Resulting From a Stay**

22       Claimant will not suffer any prejudice as a result of a stay.

23  Indeed, claimant's Motion concerns materials produced in accordance

24  with the Case Scheduling Order in the Arizona criminal matter and,

25  therefore, is more properly resolved in that forum.  Claimant's (and

26  other potential claimants') only other pending motion in this civil

27  matter is one for return of property (*see,* Motion to Vacate or Modify

28

1   Seizure Warrants, Dkt. #6),[3] but defendants (including claimant) may

2   pursue a similar remedy in the Arizona criminal matter (*see, e.g.,*

3   *United States v. Unimex, Inc.*, 991 F.2d 546, 551 (9th Cir. 1993);

4   *United States v. Swenson*, 2013 WL 3322632 (D. Idaho July 1, 2013)).

5   Thus, while the civil claims to the various properties will remain

6   uncertain for a longer period of time, this is a problem inherent in

7   any stay of a forfeiture proceeding, and does not particularly

8   prejudice any claimant here, especially since the trial is set in the

9   criminal matter, and claimants/defendants have a forum there to bring

10  any appropriate motions.

11  **IV.   Conclusion**

12       For the foregoing reasons, pending the outcome of the

13  government's related criminal proceeding, which is presently set for

14  trial on January 15, 2020, the government respectfully requests that

15  this forfeiture action shall be stayed for all purposes, except for

16  the timely filing of claims and answers to the civil complaints.  A

17  Proposed Order is being lodged contemporaneously with this

18  application.

19  ///

20  ///

21  ///

22

23

24

25

26

27       [3] Notwithstanding any grant of a stay by this Court, "a [motion
    for return of property] is properly denied once a civil forfeiture
28  action has been filed."  *In Re Return of Seized Prop. (Jordan)*, 625
    F.Supp 2d 949, 955 (C.D. Cal. 2009) (citing *United States v.
    $83,310.78*, 851 F.2d 123, 1235 (9th Cir. 1988).

1   This application is based upon the files and records in this

2   case and the declaration of John J. Kucera and such further evidence

3   and argument as the Court may permit.

4   On October 11, AUSA John Kucera advised counsel for claimants

5   that the government intended to bring this application.  Mr. Thomas

6   Bienert, counsel for Mr. Larkin, and Mr. Paul Cambria, counsel for

7   Mr. Lacey, advised that they intended to oppose the application.

8   Dated: October 12, 2018                Respectfully submitted,

9                                          NICOLA T. HANNA
                                           United States Attorney
10
                                           LAWRENCE S. MIDDLETON
11                                         Assistant United States Attorney
                                           Chief, Criminal Division
12

13
                                           _____/s/*John J. Kucera*_____
14                                         JOHN J. KUCERA
                                           Assistant United States Attorney
15
                                           Attorneys for Plaintiff
16                                         UNITED STATES OF AMERICA

17

18

19

20

21

22

23

24

25

26

27

28