Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Kenneth M. Miller, State Bar No. 151874
kmiller@bmkattorneys.com
Anthony R. Bisconti, State Bar No. 269230
tbisconti@bmkattorneys.com
Whitney Z. Bernstein, State Bar No. 304917
wbernstein@bmkattorneys.com
**BIENERT, MILLER & KATZMAN, PLC**
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701

Attorneys for *James Larkin*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In the Matter of the Seizure of:** | Case No.: 2:18-cv-06742-RGK (PJW) |
| Any and all funds held in Republic Bank of Arizona Account(s) xxxx1889, xxxx2592, xxxx1938, xxxx2912, and, xxxx2500. | **OPPOSITION TO GOVERNMENT'S MOTION TO STAY CIVIL CASE** |

## I.  INTRODUCTION

The Court should reject the government's Ex Parte Application for Stay for the simple reason that no discovery is required for the Court to resolve the pending Motion to Vacate or Modify the Seizure Warrants ("Motion"). *See* Dkt. 6. Allegations about discovery are the sole rationale offered in support of a stay, yet Movants' September 25, 2018 Motion for Order to Access and Use Purportedly Inadvertently Produced Materials (Dkt. 69), upon which the application for a stay is based, is *not* a discovery request. The Court should rule on the submitted Motion to Vacate or Modify the Seizure Warrants

without further delay.[1]

Further, a stay of civil proceedings is only appropriate where discovery will adversely affect the government. Aside from the fact that there is no need for discovery for the Court to rule on the pending Motion, the government has not plead any adverse impact it would suffer should the parties proceed to any discovery. Moreover, Movants have a right to bring motions on the pleadings, which makes the government's ex parte application premature and inappropriate.

For the past six months, the government has deprived Movants of substantial assets, and it now seeks to stay Movants' myriad constitutional challenges, continue to deprive Movants' of the constitutionally prescribed hearing, and continue to wholesale deny access to all assets until at least 2020. Without any discovery, the Court can and should resolve the legality of the governments' challenged seizures now. The government's ex parte application, brought in disregard to this Court's rules regarding use of ex parte filings, should be denied.

## II.     ARGUMENT

### A.     The Government Has Not Met Its Burden to Show That Civil Discovery Will Adversely Affect the Pending Criminal Action

The government's application for stay neither explains the statutory basis for its request nor cites any supporting case law to justify ordering a stay of this proceeding. Rather, in keeping with its strategy of seeking to forestall any substantive review of its actions, the government claims only that it "would have to explain its position" if this Court were to proceed with its review of Claimants' motions. Application for Stay at 3. But that is the very point of our judicial system, and the government cannot stay proceedings simply

---

[1] The government sought an order in Arizona authorizing the continued possession of seized property without disclosing that this Court had already scheduled a hearing of the seizures' legality. The Arizona Court, in an Order issued today, denied the government's motion and ruled that, if the government wants to file a motion seeking seizure of the assets in Arizona, it will have 14 days to do so after this Court rules. *See United States v. Lacey, et al.*, 18-CR-0422-PHX-SPL, Dkt. 340.

because it would prefer to avoid explaining its actions, particularly when constitutional rights are at issue. Even if that were not the case, the government has failed to make the necessary statutory showing to support a stay.

Under 18 U.S.C. § 981(g)(1), the court shall stay a civil forfeiture proceeding only if it determines "civil discovery will adversely affect the ability of the government to conduct a related criminal investigation or the prosecution of a related criminal case." In order to obtain a stay, it is the government's burden to show: "(1) that discovery in this case will adversely affect the pending criminal action … and (2) the criminal action is 'related' to this case." *United States v. Real Property and Premises*, 657 F. Supp. 2d 1060, 1063 (D. Minn. 2009). Under this test it is not enough to show that the cases are related. "There is no presumption that civil discovery, in itself, automatically creates an adverse effect on the government's related criminal proceeding." *United States v. All Funds ($357,311.68) Contained in Northern Trust Bank of Fla. Account No. 7240001868*, 2004 WL 1834589 *2 (N.D. Tex. 2004). Where "the government fails to show that civil discovery will *in fact* adversely affect its criminal investigation, a stay should be denied." *United States v. Sum of $70,990,*605, 4 F. Supp. 3d 209, 212 (D.D.C. 2014).

The government cannot justify a stay where it does "nothing more than speculate about how civil discovery will adversely affect its criminal investigation." *Northern Trust Bank of Fla. Account No. 7240001868*, 2004 WL 1834589 *2. If the government could obtain a stay merely by asserting a theoretical impact on a related criminal proceeding, "a stay would be appropriate whenever requested by the Government in a civil forfeiture action, since civil discovery is far broader than criminal discovery." *Real Property and Premises*, 657 F. Supp. 2d at 1063-64. But that is not the law. "Neither the fact that the Government would be subject to civil discovery, nor bare assertions of hardship by the Government are enough to satisfy the statutory standard." *United States v. Currency $716,502.44*, 2008 WL 5158291 *4 (E.D. Mich. 2008); *United States v. Leasehold Interests in 118 Avenue D*, 754 F. Supp. 282, 287 (E.D.N.Y. 1990) ("mere conclusory allegations of *potential* abuse or simply the *opportunity* by the claimant to improperly exploit civil

3

discovery … will not avail on a motion for a stay"). Here, the government has made no showing whatsoever and has said only that the fact it might have to explain itself "would likely have an adverse effect on the Arizona criminal matter." Application for Stay at 3. Courts routinely deny requests for a stay based on such thin and speculative concerns.[2]

The government's application in this case fails on every count. First, the government fails even to meet the threshold requirement of identifying *discovery* as the source of its concern as Section 981(g) requires. Movants' motion challenging the legality of the seizures is predicated on the legal insufficiency of the seizure warrants under established law. The Court can address that core issue without the types of discovery problems that may support granting a stay in other cases involving Section 981(a), such as seeking the identity of prosecution witnesses or informants, or seeking their depositions.[3] Indeed, there will be no civil discovery at all, as Movants intend to file motions to dismiss the civil forfeiture complaints.

Rather than identify a discovery problem, the government bases its motion on Movants' Motion to Access and Use Purportedly Inadvertently Produced Materials, Dkt. No. 69. Application for Stay at 2. This is not a "discovery" issue, and the government faces

---

[2] *E.g.*, *Real Property and Premises*, 657 F. Supp. 2d at 1063 (stay denied under § 981(g)(1) where government expressed "concern" defendant may obtain discovery advantage); *Sum of $70,990,605*, 4 F. Supp. 3d at 214 (stay denied under § 981(g)(1) where government's concerns could be resolved by a protective order); *United States v. All Funds on Deposit in any Account at Certain Financial Institutions Held in the Names of Certain Individuals*, 767 F.Supp. 36, 42 (E.D.N.Y. 1991) (stay denied under § 981(g)(1) where government failed to identify any specific discovery request or abuse); *All Funds ($357,311.68) Northern Trust Bank of Fla. Account No. 7240001868*, 2004 WL 1834589 *2 (stay denied under § 981(g)(1) where government does "nothing more than speculate about how civil discovery will adversely affect its criminal investigation").

[3] *See*, *e.g.*, *United States v. Real Property Located at 149 G Street*, 2013 WL 2664770 *3 (E.D. Cal. 2013); *Northern Trust Bank of Fla. Account No. 7240001868*, 2004 WL 1834589 *2 ("The Government has not shown that civil discovery will compromise the identity of confidential informants or cooperating witnesses.").

the same inadvertent disclosure issue whether or not this proceeding is stayed.[4] The documents at issue in this motion relate to whether the government has breached its duty of candor, whether it may use the work product doctrine to shield prosecutorial misconduct, whether it has waived privilege, and whether the Movants are otherwise entitled to the documents. *See generally* Dkt. No. 69. It is not a discovery motion subject to Section 981(a).[5]

Second, even if Section 981(a) did apply, the government has failed to show that a stay is necessary to address its concerns about having to "explain its position." Application for Stay at 2. Section 981(g)(5) authorizes the government to submit ex parte submissions to support its argument for a stay "in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. § 981(g)(5). It elected not to do so, and chose instead to leave the Court in the dark about exactly what prosecutorial interests are at risk. The government provided only the opaque explanation that "discussing the import of these materials would give claimant … impermissible insight into the government's thought processes and strategy" and that "the inferences that the government would ask the Court to draw in determining the status of the disputed materials would be the same inferences that the government has itself drawn in building a foundation and structuring and pursuing the related criminal matter." Application for Stay at 3.

Of course, under Section 981(g)(5) the government could have provided this explanation to the Court without disclosing its "thought processes and strategies" to the

---

[4] As the government points out, the Movants face the same issue of whether Movants may use the inadvertently produced documents in the criminal proceeding. Application for Stay at 2 (noting motion to obtain materials filed as Dkt. No. 131 in the Arizona prosecution, 18-CR-0422-PHX-SPL). Accordingly, the government has identified no unique concern regarding the challenge to the legality of the seizures now pending in this Court.

[5] To the extent the Motion to Access and Use Purportedly Inadvertently Produced Materials is the government's sole argument for requesting a stay, Movants would be willing to withdraw it if the Court found that doing so would be necessary to avoid the need for a stay of the entire proceeding.

Movants.  However, doing so would have required the government to draw the Court's attention to the disputed documents themselves *in camera*, which would have revealed the extent to which the seizure warrants are based on duplicity and false legal premises.  In any event, the government's refusal to support its stay application with ex parte explanations when it had the opportunity to do so is alone grounds to deny it.  *Real Property and Premises*, 657 F. Supp. 2d at 1064 ("The Government's failure to avail itself of this procedure … weakens its claim that civil discovery will impair the criminal case.").

Third, a stay is not warranted when less restrictive alternatives are available.  Section 981(g)(3) provides that a stay may be "unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case."  18 U.S.C. § 981(g)(3).  While, as noted, Movants are not seeking to pursue the civil case and will seek dismissal of the civil complaints, if the government had identified any particular concerns regarding the documents at issue, its interest could have been addressed via a "well crafted protective order," thus rendering a stay unnecessary.  *Real Property and Premises*, 657 F. Supp. 2d at 1064-65; *Sum of $70,990,605*, 4 F. Supp. 3d at 214.  Here, the government's application provides no justification to stay this proceeding.

### B. The Government's Ex Parte Application for Stay Demonstrates Why a Hearing is Required

The government's assertion that a stay would not prejudice the Movants ignores the facts and inadvertently illustrates not just that a stay is unwarranted, but that a ruling, and at a minimum a hearing, on the motion to vacate the seizures is imperative.  As set forth in Movants' Motion to Vacate or Modify the Seizures, the government seized tens of millions of dollars in assets in violation of the First, Fourth, and Fifth Amendments without legal justification, and it has sought to avoid addressing the substantive legal issues in any court.  The government's assertion that a stay is "without prejudice" because Movants may "pursue a similar remedy" at the conclusion of the Arizona criminal matter fails to address the nature of the claims at issue.  See Application for Stay at 4-5.

More importantly, the cases cited by the government for this argument support Movants' demand for a prompt hearing. It cites *United States v. Unimex, Inc*., 991 F.2d 546, 551 (9th Cir. 1993) for the proposition that Movants may pursue "other remedies," but the Ninth Circuit there held that a seizure that ignored a defendant's Fifth and Sixth Amendment rights was invalid because the defendant was not provided a pretrial hearing "at a meaningful time and in a meaningful manner." *Id*. at 551 (quoting *United States v. Crozier*, 777 F.2d 1376, 1383 (9th Cir. 1985)). *See U.S. v. Swenson*, 2013 WL 3322632 (D. Idaho 2013) (Pretrial hearing is required where claimant files motion that is "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.") (quoting *Unimex*, 991 F.2d at 551).

Where *Unimex* dealt primarily with Sixth Amendment issues, the same due process requirements should apply based on well-established First Amendment holdings that speech is presumptively protected by the First Amendment, the government cannot seize publishing assets or proceeds prior to trial, and that a showing of probable cause is never sufficient to support such a seizure. *See* Motion to Vacate or Modify Seizure Warrants at 12-18. In this case, the government seized tens of millions of dollars of assets and proceeds from online publishing without any adversary proceeding based on a defective showing of probable case and is seeking to evade any judicial oversight of its actions. Far from justifying a stay, the government's application and the authorities on which it relies strongly support a ruling on the merits from this Court.

### III. CONCLUSION

For all the foregoing reasons, as well as those previously plead to this Court, Movants urge this Court to deny the government's ex parte application for a stay.

Respectfully submitted,

Dated:   October 16, 2018

*/s/ Thomas H. Bienert, Jr.*
BIENERT, MILLER & KATZMAN, PLC
Attorneys for James Larkin

# CERTIFICATE OF SERVICE

I certify that on this 16th day of October 2018, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

*/s/ Toni Thomas*
Toni Thomas

John Kucera, Assistant U.S. Attorney, john.kucera@usdoj.gov

Kenneth M. Miller, Bienert Miller & Katzman PLC, kmiller@bmkattorneys.com

Anthony R. Bisconti, Bienert Miller & Katzman PLC, tbisconti@bmkattorneys.com

James C. Grant, Davis Wright Tremaine LLP, jamesgrant@dwt.com

Robert Corn-Revere, Davis Wright Tremaine LLP, bobcornrevere@dwt.com

Scott R. Commerson, Davis Wright Tremaine LLP, scottcommerson@dwt.com

Thomas H. Bienert, Jr., Bienert Miller & Katzman PLC, tbienert@bmkattorneys.com

Whitney Z. Bernstein, Bienert Miller & Katzman PLC, wbernstein@bmkattorneys.com

Gary S. Lincenberg, Bird Marella Boxer Wolpert Nessim Drooks Lincenberg and Rhow, gsl@birdmarella.com

Ariel A. Neuman, Bird Marella Boxer Wolpert Nessim Drooks Lincenberg and Rhow, aan@birdmarella.com

Gopi K. Panchapakesan, Bird Marella Boxer Wolpert Nessim Drooks Lincenberg and Rhow, gkp@birdmarella.com

Erin E. McCampbell, Lipsitz Green Scime Cambria LLP, emccampbell@lglaw.com

Janey Henze Cook, Henze Cooke Murphy PLLC, janey@henzecookmurphy.com

Paul J. Cambria, Jr., Lipsitz Green Scime Cambria LLP, pcambria@lglaw.com

John K. Rubiner, Barton Klugman and Oetting LLP, jrubiner@bkolaw.com

Bruce S. Feder, Feder Law Office PA, bf@federlawpa.com