UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06742-RGK-PJW; 2:18-cv-08423-RGK-PJW; 2:18-cv-08551-RGK-PJW; 2:18-cv-08555-RGK-PJW; 2:18-cv-08556-RGK-PJW; 2:18-cv-08565-RGK-PJW; 2:18-cv-08566-RGK-PJW; 2:18-cv-08568-RGK-PJW; 2:18-cv-08569-RGK-PJW; 2:18-cv-08570-RGK-PJW; 2:18-cv-08577-RGK-PJW; 2:18-cv-08578-RGK-PJW; 2:18-cv-08579-RGK-PJW; 2:18-cv-08588-RGK-PJW; 2:18-cv-08592-RGK-PJW; 2:18-cv-08723-RGK-PJW; 2:18-cv-08730-RGK-PJW; 2:18-cv-08747-RGK-PJW; 2:18-cv-08748-RGK-PJW; 2:18-cv-08749-RGK-PJW; 2:18-cv-08750-RGK-PJW; 2:18-cv-08753-RGK-PJW; 2:18-cv-08754-RGK-PJW; 2:18-cv-08759-RGK-PJW; 2:18-cv-08760-RGK-PJW; 2:18-cv-08763-RGK-PJW; 2:18-cv-08764-RGK-PJW | Date | October 23, 2018 |
|---|---|---|---|
| Title | *In the Matter of Seizure of: Any and all funds held in Republic Bank of Arizona Accounts* (and related cases) | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: | |
| Not Present | | Not Present | |

**Proceedings:**   (IN CHAMBERS) Order re: Government's *Ex Parte* Application to Stay Case Pending Conclusion of Criminal Proceedings [DE 79]

These cases involve the civil forfeiture proceedings of several assets that the government seized from James Larkin, John Brunst, Michael Lacey, and Scott Spear (collectively, "Movants") pursuant to seizure warrants in this District. Movants are currently defendants in an ongoing criminal matter in the District Court of Arizona, entitled *United States v. Lacey*, No. 2:18-cr-00422-SPL, where the indictment and the first superseding indictment include forfeiture allegations. The government seeks forfeiture of essentially the same assets in the civil forfeiture proceedings and the criminal prosecution.

Three motions are currently pending before this Court: (1) Movants' Motion to Vacate or Modify Seizure Warrants [DE 6], Lacey's Motion for Return of Certain Untainted Funds [DE 22], and (3) Movants' Motion to Access and Use Purportedly Inadvertently Produced Materials [DE 69].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Title | *In the Matter of Seizure of: Any and all funds held in Republic Bank of Arizona Accounts* **(and related cases)** |
|---|---|

At bar is the government's *ex parte* application seeking a stay of the civil forfeiture proceedings pending the conclusion of the related criminal prosecution. Under 18 U.S.C. § 981(g), the government may seek a stay of civil forfeiture proceedings while it conducts a criminal investigation or prosecution. While the government's application refers only to one of the pending motions, given the arguments raised in each of the pending motions and the relationship between the civil and criminal matters, the Court concludes that a stay of all civil matters pending the conclusion of the related criminal matter is warranted. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Determinations made by the Court on the pending motions could ultimately have preclusive effect on the criminal matter, which would prejudice the government. As the Ninth Circuit has held, "*res judicata* bars a criminal forfeiture following dismissal with prejudice of a prior civil forfeiture proceeding involving the same property." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1152 (9th Cir. 2011) (emphasis in original). On the other hand, the Court sees no reason why Movants' pending motions could not be brought in the criminal action. *See, e.g., United States v. Unimex, Inc.*, 991 F.2d. 546, 551 (9th Cir. 1993). While the claims to various properties will remain uncertain for a longer period of time, this problem is inherit in the nature of forfeiture proceedings. The Court therefore finds that a stay of the civil forfeiture proceedings will "promote[] the goals of res judicata: fairness, finality, and avoidance of duplicate judicial proceedings." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1152.

Accordingly, the Court **GRANTS** the government's *ex parte* application [DE 79], and hereby **STAYS** the above captioned civil matter and related cases pending the conclusion of the criminal case. The parties are **ORDERED** to submit a Status Report to update the Court on the criminal matter in **six months**.

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer
_____