**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 30 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA ACCOUNTS XXXX1889, XXXX2592, XXXX1938, XXXX2912, AND XXXX2500, <br><br> _____ <br><br> UNITED STATES OF AMERICA, <br><br>            Plaintiff-Appellee, <br><br>  v. <br><br> JAMES LARKIN, Real Party in Interest Defendant; et al., <br><br>            Movants-Appellants. | No.   18-56455 <br><br> D.C. No. <br> 2:18-cv-06742-RGK-PJW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted July 9, 2019
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and AMON,[**] District Judge.

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]   The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

The Government obtained *ex parte* civil seizure warrants in the Central District of California authorizing the pre-trial seizure of approximately 89 bank accounts belonging to Backpage.com's corporate parent's owners (Appellants) containing proceeds of alleged crimes. After the Government carried out the seizures, Appellants filed a motion to vacate or modify the seizure warrants alleging that the seizures violated their constitutional rights. Without responding to the motion, the district court stayed proceedings pursuant to 18 U.S.C. § 981(g)(1), pending the related criminal matter in the District of Arizona. Appellants now appeal the Stay Order arguing that the district court erred in imposing the stay by failing to first address the constitutional challenges to the pretrial seizures. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) because the stay amounts to a preliminary injunction that keeps the seizures in place, *cf. United States v. Roth*, 912 F.2d 1131, 1133 (9th Cir. 1990), and we vacate and remand.

While 18 U.S.C. § 981(g) permits a court to stay a civil forfeiture proceeding when "civil discovery will adversely affect . . . the prosecution of a related criminal case," it still requires some minimal showing by the Government of such effect. Here, the Government alleged concerns regarding the impact of the disclosure of privileged materials on its strategy in the criminal case, but the court made no actual findings about the materials, nor does the record reflect any type of

in-camera review to verify that those allegations have any merit. Thus, we find no basis outside of conclusory allegations in the record for such a stay.

In briefing and at oral argument, the Government also agreed that Appellants were entitled to some review of their claims prior to the imposition of the stay. Since both parties agree that Appellants' motion should have been adjudicated prior to issuance of the stay, we vacate the Stay Order and remand to the district court to conduct further proceedings.

**VACATED AND REMANDED.**