Robert Corn-Revere (admitted *pro hac vice*)
bobcornrevere@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, D.C.  20006
Telephone:   202-973-4200
Facsimile:    202-973-4499

James C. Grant (admitted *pro hac vice*)
jamesgrant@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101
Telephone:   206-622-3150
Facsimile:    206-757-7700

Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bienertkatzman.com
Whitney Z. Bernstein, State Bar No. 304917
wbernstein@bienertkatzman.com
BIENERT KATZMAN PC
903 Calle Amanacer, Suite 350
San Clemente, CA  92673
Telephone:  949-369-3700
Facsimile:  949-369-3701

Attorneys for James Larkin

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN THE MATTER OF THE SEIZURE OF:**<br><br>ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA ACCOUNT[S] XXXX1889, XXXX2592, XXXX1938, XXXX2912, AND, XXXX2500. | No. 18-CV-06742-RGK (PJW)<br><br>**Legal Authority for Opposition to Seizure Warrants and Basis for Relief** |

---

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ii

Background ...............................................................................................................1

Legal Authority for Opposition to Seizure Warrants and Basis for Relief...................2

    1.    The First Amendment Bars Pretrial Seizure of Publishing Proceeds ...................2

    2.    If a Hearing is to be Held, Heightened First and Fourth Amendment Standards Apply...................................................................................5

    3.    The Government's Probable Cause Showing Was Defective Under *Franks v. Delaware*...............................................................................7

    4.    The Seizure Warrants Must be Vacated to the Extent the Government Has Not Traced Seized Assets to Specific Alleged Criminal Acts.......................9

LEGAL AUTHORITY FOR OPPOSITION TO SEIZURE WARRANTS AND BASIS FOR RELIEF

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adult Video Ass'n v. Barr*,
   960 F.2d 781 (9th Cir. 1992), *vacated*, *Reno v. Adult Video Ass'n*,
   509 U.S. 917 (1993)................................................................................3

*Adult Video Ass'n v. Reno*,
   41 F.3d 503 (9th Cir. 1994) .................................................................2, 3

*American Library Ass'n v. Thornburgh*,
   713 F. Supp. 469 (D.D.C. 1989), *rev'd on standing grounds sub nom.*
   *American Library Ass'n v. Barr*, 956 F.2d 1178 (D.C. Cir. 1992)......................3

*Ashcroft v. Free Speech Coal.*,
   535 U.S. 234 (2002)...............................................................................5

*Backpage.com v. McKenna*,
   881 F. Supp. 2d 1262 (W.D. Wash. 2012)..................................................5

*Backpage.com, LLC v. Dart*,
   807 F.3d 229 (7th Cir. 2015) .................................................................5

*Blount v. Rizzi*,
   400 U.S. 410 (1971)...............................................................................6

*Citizens United v. FEC*,
   558 U.S. 310 (2010)............................................................................3, 4

*Doe v. Backpage.com LLC*,
   104 F. Supp. 3d 149 (D. Mass. 2015), *aff'd*, 817 F.3d 12 (1st Cir. 2016)...............5

*Elonis v. United States*,
   135 S. Ct. 2001 (2015)...........................................................................6

*Fort Wayne Books, Inc. v. Indiana*,
   489 U.S. 46 (1989)............................................................................2, 3, 6

*Franks v. Delaware*,
   438 U.S. 154 (1978)......................................................................2, 7, 8, 9

*Freedman v. Maryland*,
   380 U.S. 51 (1965)................................................................................6

*Lee Art Theatre, Inc. v. Virginia*,
   392 U.S. 636 (1968)...............................................................................6

ii

*Marcus v. Search Warrant*,
    367 U.S. 717 (1961) ................................................................................ 6

*People v. Ferrer*,
    2016 WL 7237305 (Sup. Ct. Sacramento Cty. Dec. 9, 2016) ................... 5

*Roaden v. Kentucky*,
    413 U.S. 496 (1973) ................................................................................ 6

*Southeastern Promotions, Ltd. v. Conrad*,
    420 U.S. 546 (1975) ................................................................................ 6

*Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*,
    502 U.S. 105 (1991) ........................................................................... 3, 4

*Smith v. California*,
    361 U.S. 147 (1959) ................................................................................ 6

*Stanford v. Texas*,
    379 U.S. 476 ........................................................................................... 6

*United States v. $3,148,884.40 U.S. Currency*,
    76 F. Supp. 2d 1063 (C.D. Cal. 1999) ................................................. 10

*United States v. Approximately Six Hundred & Twenty Thousand Three Hundred*
    *& Forty-Nine Dollars & Eighty-Five Cents*,
    No. 13 CV 3966(RJD)(SMG), 2015 WL 3604044 (E.D.N.Y. June 5, 2015) ..................... 10

*United States v. Contents in Account No. 059-644190-69*,
    253 F. Supp. 2d 789 (D. Vt. 2003) ....................................................... 10

*United States v. Crozier*,
    777 F.2d 1376 (9th Cir. 1985) ............................................................... 7

*United States v. Hall*,
    113 F.3d 157 (9th Cir. 1997) ................................................................. 7

*United States v. McMurtrey*,
    704 F.3d 502 (7th Cir. 2013) ................................................................. 9

*United States v. Perkins*,
    583 F. App'x 796 (9th Cir. 2014) ......................................................... 8

*United States v. Perkins*,
    850 F.3d 1109 (9th Cir. 2017) ........................................................... 7, 8

*United States v. Playboy Entm't Grp., Inc.*,
    529 U.S. 803 (2000) ........................................................................... 2, 6

LEGAL AUTHORITY FOR OPPOSITION TO SEIZURE WARRANTS AND BASIS FOR RELIEF

*United States v. Stanert*,
    762 F.2d 775, *amended*, 769 F.2d 1410 (9th Cir. 1985) .................................... 8, 9

*United States v. Thirty-Seven Photographs*,
    402 U.S. 363 (1971) ......................................................................................... 6

*Woodhull Freedom Found. v. United States*,
    334 F. Supp. 3d 185 (D.D.C. 2018), *appeal docketed*, No. 18-5298
    (D.C. Cir. Oct. 12, 2018) ................................................................................. 6

**Constitutional Provisions**

U.S. Const. amend. I ................................................................................*passim*

U.S. Const. amend. IV ..............................................................................*passim*

**Statutes**

18 U.S.C.
    § 981(a)(1)(A) ................................................................................................ 10
    § 981(g) ............................................................................................................ 1

LEGAL AUTHORITY FOR OPPOSITION TO SEIZURE WARRANTS AND BASIS FOR RELIEF

Movant/Claimant James Larkin hereby responds to this Court's Order (Doc. 102) to explain the legal authority and legal basis for relief in support of the Motion to Vacate or Modify Seizure Warrants ("Motion") (Doc. 6).

## Background

The Motion presented four separate grounds for vacating or modifying the seizure warrants: (1) the First and Fourth Amendments bar pre-conviction seizures of publishing assets or proceeds and a probable cause showing cannot support such seizures (Mot. 13-18); (2) even if such seizures could be effected, the First and Fourth Amendments required a prompt adversarial hearing in which the Government had to meet a heightened standard of proof beyond probable cause (Mot. 18-21, 29-36); (3) entirely apart from First Amendment concerns, the warrants in this case were obtained through knowing or recklessly false statements and material omissions in violation of the Fourth Amendment (Mot. 21-29); and (4) the seizures are markedly over-inclusive because, among other things, the Government failed to trace seized assets to specific alleged criminal activity (Mot. 36-41).   The Government never responded to the merits of Claimants' Motion.   After several procedural maneuvers, it filed an *ex parte* application to stay all proceedings pursuant to 18 U.S.C. § 981(g) on the claim that a hearing on the Motion could "be considered to function as a request for discovery" that would adversely affect the prosecution of the related criminal case. This Court granted the Government's motion.  (Doc. 85.)

Claimants appealed.  Rather than file an opposition to Claimants' opening brief, the Government filed a Motion for Limited Remand and to Amend Briefing Schedule in which it said it now "agrees appellants are entitled to a determination of whether any First Amendment interest entitles them to a pretrial hearing to challenge the seizures."  (App. Doc. 49-1 at 12-13.)  The Ninth Circuit nevertheless ordered the Government to file its opposition brief, in which the prosecutors renewed the call for a "partial remand," which should be limited to "appellants' challenge to the sufficiency

LEGAL AUTHORITY FOR OPPOSITION TO SEIZURE WARRANTS AND BASIS FOR RELIEF

of the warrants, including whether they are entitled to a *Franks* hearing." (App. Doc. 59 at 39-40.)   The Court vacated the stay order and remanded, noting Claimants' argument that it had been issued without first addressing "the constitutional challenges to the pretrial seizures," and concluding that "both parties agree that Appellants' motion should have been adjudicated prior to issuance of the stay." (App. Doc. 78 at 3.)   At the same time, the Ninth Circuit denied the Government's motion for a "limited remand." (App. Doc. 77.)

**Legal Authority for Opposition to Seizure Warrants and Basis for Relief**

**1.      The First Amendment Bars Pretrial Seizure of Publishing Proceeds**

The *ex parte* seizures of Claimants' bank accounts and assets were based on the Government's claim that it established probable cause to find their publishing activities were illegal and that it could therefore seize any proceeds derived from those activities. Mot. 5-12. However, the First Amendment prohibits pretrial *ex parte* seizures of publishing assets and proceeds based on nothing more than a showing of probable cause that the assets are linked to criminal activity.  This is because the Government always has the burden to prove speech is unprotected by the First Amendment *before* it may impose burdens, even if only financial ones.  *See United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 812, 816 (2000).

In *Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 51 (1989), the Supreme Court invalidated a section of the Indiana RICO law that authorized the pretrial seizure of assets "subject to forfeiture" upon a showing of probable cause.  The Government had obtained a forfeiture order and seized the real estate, publications, and other personal property of the defendants, padlocking three adult bookstores and hauling away their contents. *Id.* at 52.  Although the materials at issue could be forfeitable *upon conviction*, the Court held "the seizure at issue here [is] unconstitutional." *Id.* at 65-66. The Ninth Circuit applied *Fort Wayne Books* to invalidate pretrial forfeiture provisions of the federal RICO statute in *Adult Video Ass'n v. Reno*, 41 F.3d 503 (9th Cir. 1994)

(re-adopting holding invalidating pretrial forfeitures as set forth in *Adult Video Ass'n v. Barr*, 960 F.2d 781 (9th Cir. 1992), *vacated*, *Reno v. Adult Video Ass'n*, 509 U.S. 917 (1993)). Both courts held that "[t]he First Amendment will not tolerate such seizures" based on mere probable cause. *Barr*, 960 F.2d at 788; *Fort Wayne Books*, 489 U.S. at 65-66.

Caselaw makes clear that the same First Amendment principles prohibit the seizure of non-expressive materials and publishing proceeds. *Fort Wayne Books* and *Adult Video Ass'n* dealt with the seizure of books and other expressive materials and did not rule on seizures of non-expressive materials because provisions relating to non-expressive materials were not challenged. *Fort Wayne Books*, 489 U.S. at 67 n.12; *Adult Video Ass'n v. Barr*, 960 F.2d at 788 n.6 ("Because Adult Video does not challenge the other pre-trial procedures authorized by section 1963(d), we need not address their constitutionality."). But subsequent cases clarify that the same First Amendment principles applied in *Fort Wayne Books* and *Adult Video Ass'n* prohibit the pretrial seizure of non-expressive materials and publishing proceeds. *Citizens United v. FEC*, 558 U.S. 310, 336-37 (2010) (laws may infringe speech "by impounding proceeds on receipts or royalties") (citations omitted); *see American Library Ass'n v. Thornburgh*, 713 F. Supp. 469, 484 n.19 (D.D.C. 1989) ("[P]re-trial seizure of non-expressive material [including printing presses, bank accounts, etc.] *ex parte* from a business engaged in distributing expressive material also is unconstitutional."), *rev'd on standing grounds sub nom. American Library Ass'n v. Barr*, 956 F.2d 1178, 1194-96 (D.C. Cir. 1992).

Relatedly, in *Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.*, 502 U.S. 105 (1991), the Supreme Court found that the Government cannot "freeze" profits from the sale of a book under a statutory scheme that authorized forfeiture of proceeds of crime and prejudgment attachment procedures to ensure that wrongdoers "do not dissipate their assets." *Id.* at 111. The Court assumed that the income escrowed by the law "represent[ed] the fruits of crime" but nevertheless held that encumbering the proceeds was "presumptively inconsistent with the First

Amendment" as it "imposes a financial burden on speakers because of the content of their speech." *Id.* at 115, 119.

In briefing to the Ninth Circuit, the Government admitted that pretrial seizures of both expressive and non-expressive materials from "an *active ongoing* publishing business" are barred by the First Amendment. (App. Doc. 59 at 42, 57-58.) It then tried to argue that seizing money earned from speech activities is somehow different, but provided no legal authority supporting the proposition that publishing proceeds may be seized pretrial without an adversary hearing. The Government merely attempted to distinguish *Simon & Schuster* by noting it involved a facial challenge to an overly broad statute. (*Id.* at 59-61.)

This analysis confuses First Amendment *injury* (imposing a financial burden on past speech prior to adjudication of its protected or unprotected status) with the *mechanism* used to inflict the injury (*i.e.*, whether by an unconstitutionally overbroad law or the unconstitutional application of a seizure law). The Supreme Court has explained that Government actions may operate to inflict First Amendment injury in many different ways and "at different points in the speech process." *Citizens United*, 558 U.S. at 336-37 (*e.g.*, imposing permit requirements, impounding proceeds, exacting a cost after the speech occurs, or pursuing criminal penalties). *Simon & Schuster* may have involved a different *mechanism*, but the constitutional *injury* there was the same as in this case.

Here, there is no question about First Amendment injury – proceeds of publishing were seized prior to a final adjudication of legality. The Government's use of pretrial seizures in this case incorrectly assumes a probable cause showing can substitute for the points it must ultimately prove – that the ads at issue were for criminal activity *and*, if they were, that the Claimants are criminally liable for their publication. In short, the Government's argument assumes its conclusion. This, however, is improper because the classified ads on Backpage.com are presumed to be

4

LEGAL AUTHORITY FOR OPPOSITION TO SEIZURE WARRANTS AND BASIS FOR RELIEF

constitutionally protected until the Government proves otherwise at trial.  *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002) ("Protected speech does not become unprotected merely because it resembles the latter.  The Constitution requires the reverse.").  Publication of ads for adult services and escorts is legal in all 50 states and is constitutionally protected.  *Backpage.com v. McKenna*, 881 F. Supp. 2d 1262, 1282 (W.D. Wash. 2012) (escort ads have long been permitted and escort services are licensed and regulated in many states); *People v. Ferrer*, 2016 WL 7237305 *10 (Sup. Ct. Sacramento Cty. Dec. 9, 2016) ("Providing a forum for online publishing is a recognized legal purpose" and "charg[ing] money for the placement of advertisements … qualif[ies] as services rendered for legal purposes."); *Backpage.com, LLC v. Dart*, 807 F.3d 229, 234 (7th Cir. 2015) ("[N]ot all advertisements for sex are advertisements for illegal sex."); *Doe v. Backpage.com LLC*, 104 F. Supp. 3d 149, 156-57 (D. Mass. 2015) ("The existence of an escorts section in a classified ad service, whatever its social merits, is not illegal."), *aff'd*, 817 F.3d 12 (1st Cir. 2016).

**Implications for this proceeding**: All of the seizures at issue are based on nothing more than a showing of probable cause and therefore are constitutionally infirm under the applicable First Amendment standard.  Once the correct standard is articulated and applied, there is no need for discovery or further proceedings.  This Court should immediately vacate the seizures and order the Government to return all Claimants' assets without delay.

**2.  If a Hearing is to be Held, Heightened First and Fourth Amendment Standards Apply**

Where publishing proceeds are involved, the Government is barred from conducting a pre-conviction seizure.  However, if the Court were to convene a hearing on the pre-conviction seizures' validity, certain First and Fourth Amendment principles must govern further proceedings.  Mot. 18-20, 29-36.  Where materials or proceeds are even arguably protected by the First Amendment, the Government is

LEGAL AUTHORITY FOR OPPOSITION TO SEIZURE WARRANTS AND BASIS FOR RELIEF

required to employ "procedural safeguards designed to obviate the dangers of a censorship system." *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 559-60 (1975) (quoting *Freedman v. Maryland*, 380 U.S. 51, 58 (1965)); *see also Blount v. Rizzi*, 400 U.S. 410, 416 (1971).  Such procedures include the right to an adversary hearing in which a final judicial determination on the merits can be provided within a brief, specified time. *Id.* at 417; *United States v. Thirty-Seven Photographs*, 402 U.S. 363, 373-74 (1971); *see* Mot. at 18-19.

Certain legal requirements govern any such hearing that implicates First Amendment concerns:  **(1) The Government must bear the burden of proof, which cannot be satisfied by a showing of probable cause.** *Playboy Entm't Grp.*, 529 U.S. at 818; *Fort Wayne Books*, 489 U.S. at 63; *Blount*, 400 U.S. at 418-20; *see* Mot. 30.  **(2) The Government must link any seized assets to specific illegal ads known to Defendants and for which they had the specific intent to further the illegal activity related to those ads.** *Smith v. California*, 361 U.S. 147, 153-54 (1959); *Elonis v. United States*, 135 S. Ct. 2001, 2009 (2015); *Woodhull Freedom Found. v. United States*, 334 F. Supp. 3d 185, 199-201 (D.D.C. 2018), *appeal docketed*, No. 18-5298 (D.C. Cir. Oct. 12, 2018); *see* Mot. 30-34.  **(3) Seizures cannot be based on the judgment of a law enforcement officer that speech appears to be constitutionally unprotected.** *Lee Art Theatre, Inc. v. Virginia*, 392 U.S. 636, 637 (1968); *Marcus v. Search Warrant*, 367 U.S. 717, 724-29 (1961); *Roaden v. Kentucky*, 413 U.S. 496, 506 (1973); *Stanford v. Texas*, 379 U.S. 476, 485(1965) ("leaving the protection of [First and Fourth Amendment] freedoms to the whim of the officers charged with executing the warrant" is a "constitutional impossibility"); *see* Mot. 34-36.

**Implications for this proceeding**: The Government followed none of the constitutionally-required procedures regarding seizure of materials or proceeds that implicate First Amendment interests.  It obtained seizure warrants based on nothing

6

more than a showing of probable cause, failed to initiate judicial proceedings to rule on the seizures' validity, made no attempt to obtain a ruling within a reasonable period, and established no process for obtaining a final judicial ruling on its claim that publishing-related assets and proceeds are forfeitable.  It merely assumed that which it must prove at an adversarial hearing.  Given these failings, the seizures should be vacated; the assets should be returned; and, if the Government chooses still to pursue seizures, it would have to initiate new proceedings under the standards set forth above.

### 3. The Government's Probable Cause Showing Was Defective Under *Franks v. Delaware.*

Entirely apart from the First Amendment considerations, the seizure warrants in this matter were defective and should be vacated as a result.  Claimants were entitled to a prompt hearing to challenge the sufficiency of warrants authorizing search or seizure.  *United States v. Crozier*, 777 F.2d 1376, 1383 (9th Cir. 1985).  Any warrant obtained with an intentional or recklessly made false or misleading affidavit "must be voided and the fruits of the search excluded to the same extent as if probable cause were lacking."  *United States v. Hall*, 113 F.3d 157, 159 (9th Cir. 1997) (quoting *Franks v. Delaware,* 438 U.S. 154, 156 (1978)).

Under *Franks*, a criminal defendant has the right to challenge the veracity of statements made in support of a warrant application, and will prevail if he can show that the affiant officer intentionally or recklessly made false or misleading statements or omissions, and such statements were material to the probable cause finding.  *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017).  The officer who provides an affidavit supporting a warrant has "a duty to provide, in good faith, all relevant information to the magistrate."  *Id.*  The Fourth Amendment requires that a defendant be permitted to challenge a warrant affidavit that is "valid on its face when it contains deliberate or reckless omissions of facts that tend to mislead," because "[b]y reporting less than the total story, an affiant can manipulate the inferences a magistrate will

LEGAL AUTHORITY FOR OPPOSITION TO SEIZURE WARRANTS AND BASIS FOR RELIEF

draw." *United States v. Stanert*, 762 F.2d 775, 781, *amended*, 769 F.2d 1410 (9th Cir. 1985). At this stage, "[c]lear proof of deliberate or reckless omission is not required," but only a showing that the officer intentionally or recklessly omitted facts "required to prevent technically true statements in the affidavit from being misleading." *Id.*

The Motion set forth facts to show that the Government's affidavits were deficient under a standard *Franks* analysis. Mot. at 20-29. The affidavits are rife with omissions and affirmative misstatements of the evidence that undermine any probable cause findings. In particular, the affidavits' numerous misstatements of fact and omissions, including the failure to mention relevant judicial decisions involving Backpage.com are "precisely the kind of fact[s] 'required to prevent technically true statements in the affidavit from being misleading.'" *United States v. Perkins*, 583 F. App'x 796 (9th Cir. 2014) (citation omitted); *Perkins*, 850 F.3d at 1117. On appeal, the Government altered its position, and now agrees that the Claimants "are entitled to a determination of whether they have made the substantial preliminary showing necessary to obtain a *Franks* hearing and, if so, to a *Franks* hearing itself," although it requested that any such hearing be "limited." (App. Doc. 59 at 37-40.) The Ninth Circuit denied the Government's motion for a "partial remand." (App. Doc. 77.)

In seeking more limited review, the Government erroneously conflated the First Amendment issues discussed above with the challenge to the warrant affidavits under *Franks*. It "agree[d] appellants are entitled to a determination of whether any First Amendment interest entitles them to a pretrial hearing to challenge the seizures," but combined this with the *Franks* question. (App. Doc. 49-1 at 12-13). However, these issues are separate. As explained above, the First Amendment problems arising from pretrial seizure of publishing proceeds would exist even if the seizure affidavits were flawless and fully established probable cause. The issue under *Franks* is whether omissions and material misstatements in the affidavits undermine the probable cause showing. These deficiencies alone provide grounds for vacating the seizures even if

LEGAL AUTHORITY FOR OPPOSITION TO SEIZURE WARRANTS AND BASIS FOR RELIEF

there were no First Amendment issues in the case.

**Implications for this proceeding**:  No *Franks* hearing is required if the seizures are invalid on First Amendment grounds.  As to Fourth Amendment issues, a hearing on the sufficiency of the seizure affidavits must focus on the "information and circumstances contained within the four corners of the underlying affidavit[s]," *Stanert*, 762 F.2d at 778, and is not an opportunity for the Government to attempt to bolster a deficient showing.  If the Court conducts a "pre-*Franks* hearing," Claimants should be given the opportunity to supplement and elaborate on the Motion.  *United States v. McMurtrey*, 704 F.3d 502, 505 (7th Cir. 2013).  Such review will relate, among other things, to Claimants' pending Motion to Access and Use Purportedly Inadvertently Produced Materials (Doc. No. 69), currently set for hearing on November 12.  (Doc. No. 101.)  If there is a full *Franks* hearing and the Government seeks to explain or supplement its probable cause showing, Claimants must be permitted to cross-examine the agent who provided the affidavits and any other Government witnesses.  *McMurtrey*, 704 F.3d 505-10.

4. **The Seizure Warrants Must be Vacated to the Extent the Government Has Not Traced Seized Assets to Specific Alleged Criminal Acts.**

If the Court does not vacate the seizures in their entirety for reasons set forth above, it should nonetheless vacate them to the extent the Government has failed to trace the proceeds it seized to specific alleged criminal acts.  The Government seized Claimants' bank accounts indiscriminately, accounts that included funds not derived from Backpage.com operations at all (including distributions from preexisting news-paper operations not connected to Backpage.com) and from operations not within the scope of the prosecution (including overseas operations,  revenue from non-adult advertising, and revenue from legal adult advertising that the Government does not, and cannot, allege was illegal, such as escort services). Mot. 36. Even if the Government could overcome First Amendment flaws, a hearing on these seizures would require the

9

Government to provide evidence tracing any assets seized to specific illegal advertisements for which it alleges Claimants are criminally culpable.  Mot. 38-41.

The Government seized the entire balances of Claimants' bank and brokerage accounts on the theory that these accounts contain commingled funds, and untainted funds were purportedly used to "facilitate" the laundering of Backpage-related funds. However, this District has called into question the viability of the facilitation theory as a general matter.  *See United States v. $3,148,884.40 U.S. Currency*, 76 F. Supp. 2d 1063, 1067-68 (C.D. Cal. 1999).  Moreover, under Section 18 U.S.C. § 981(a)(1)(A), "[t]o prove that property 'facilitated' money laundering, the Government must establish 'more than a mere showing that tainted and untainted funds were pooled together.'"  *United States v. Approximately Six Hundred & Twenty Thousand Three Hundred & Forty-Nine Dollars & Eighty-Five Cents*, No. 13 CV 3966(RJD)(SMG), 2015 WL 3604044, at *3 (E.D.N.Y. June 5, 2015) (citations omitted); *see United States v. Contents in Account No. 059-644190-69*, 253 F. Supp. 2d 789, 800 (D. Vt. 2003) (the mere "pooling [of] tainted and untainted funds" does not establish probable cause to seize accounts in their entirety) (citation omitted). "If 'facilitation' means nothing more than the commingling of funds in a complicated series of transactions, the tracing requirement would be a dead letter."  *Id.*

**Implications for this proceeding**:  If this Court does not vacate the seizures, it will be necessary to conduct an evidentiary proceeding requiring the Government to submit evidence tracing any seized assets to specific criminal acts.  It will not be sufficient for the Government to assert that "tainted" and untainted funds have been commingled.  At the hearing, the Government would have the burden of tracing seized funds to illegal activity and could only seize properly traced funds as follows:

| Legal and Not Seizable | Seizable |
|---|---|
| Pre-Backpage Assets<br>Newsprint Assets<br>Rental Income Assets<br>Backpage Non-Adult Revenue<br>Backpage Legal Adult Revenue (Escort, etc.) | Ads For Illegal Sex Intended to Promote Prostitution (Ads overtly soliciting money for sex for which specific intent is shown) |

LEGAL AUTHORITY FOR OPPOSITION TO SEIZURE WARRANTS AND BASIS FOR RELIEF

DATED this 11th day of October, 2019.

_____

Robert Corn-Revere (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, D.C.  20006
Telephone:  202-973-4200
Facsimile:  202-973-4499
Email:     bobcornrevere@dwt.com

James C. Grant (admitted *pro hac vice*)
jamesgrant@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101
Telephone:  206-622-3150
Facsimile:  206-757-7700

Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bienertkatzman.com
Whitney Z. Bernstein, State Bar No. 304917
wbernstein@bienertkatzman.com
BIENERT KATZMAN PC
903 Calle Amanacer, Suite 350
San Clemente, CA  92673
Telephone:  949-369-3700
Facsimile:  949-369-3701

Attorneys for James Larkin

LEGAL AUTHORITY FOR OPPOSITION TO SEIZURE WARRANTS AND BASIS FOR RELIEF

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2019, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

_/s/ Robert Corn-Revere_

Robert Corn-Revere

Erin E. McCampbell, emccampbell@lglaw.com

Anthony R. Bisconti, tbisconti@bienertkatzman.com

Ariel A. Neuman, aan@birdmarella.com

Bruce S. Feder, bf@federlawpa.com

James C. Grant, jimgrant@dwt.com

Paul J. Cambria, pcambria@lglaw.com

Janey Henze Cook, janey@henzecookmurphy.com

Thomas H. Bienert, Jr., tbienert@bienertkatzman.com

Whitney Z. Bernstein, wbernstein@bienertkatzman.com

Gary S. Lincenberg, glincenberg@birdmarella.com

Gopi K. Panchapakesan, gpanchapakesan@birdmarella.com

John Jacob Kucera, john.kucera@usdoj.gov

By:       _/s/ Robert Corn-Revere_

Robert Corn-Revere