Thomas H. Bienert, Jr., CA State Bar No. 135311
Whitney Z. Bernstein, CA State Bar No. 304917
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for Movant James Larkin*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

**In the Matter of the Seizure of:**

Any and all funds held in Republic Bank of Arizona Account(s) xxxx1889, xxxx2592, xxxx1938, xxxx2912, and, xxxx2500.

CASE NO. 2:18-cv-06742-RGK (PJW)

[RELATED CASES
2:18-cv-08420; 2:18-cv-08423;
2:18-cv-08551; 2:18-cv-08555;
2:18-cv-08556; 2:18-cv-08565;
2:18-cv-08566; 2:18-cv-08568;
2:18-cv-08569; 2:18-cv-08570;
2:18-cv-08577; 2:18-cv-08578;
2:18-cv-08579; 2:18-cv-08588;
2:18-cv-08592; 2:18-cv-08723;
2:18-cv-08730; 2:18-cv-08747;
2:18-cv-08748; 2:18-cv-08749;
2:18-cv-08750; 2:18-cv-08753;
2:18-cv-08754; 2:18-cv-08759;
2:18-cv-08760; 2:18-cv-08763;
2:18-cv-08764; 2:19-cv-07032;
2:19-cv-07039; 2:19-cv-07044;
2:19-cv-07048 ]

**REPLY IN SUPPORT OF UNOPPOSED MOTION TO ACCESS AND USE PURPORTEDLY INADVERTENTLY PRODUCED MATERIALS**

**1. The Court Should Summarily Grant Mr. Larkin's Unopposed Motion.**

Movant James Larkin filed his Motion to Access and Use Purportedly Inadvertently Produced Materials (Doc. 69) (the "Motion") on September 25, 2018 and noticed the Motion for hearing on October 29, 2018. Pursuant to L. Cr. R. 57-1 and L.R. 7-9, any opposition to the Motion was due "not later than twenty-one (21) days before the date designated for the hearing of the motion"—or October 8, 2018. L.R. 7-9. The government did not timely oppose the Motion. Four days after the government's opposition to the Motion was due, the government moved to stay this case (Doc. 79) and the Court stayed the case before the October 29, 2018 hearing (Doc. 85).

On October 4, 2019, the Court reopened this case and placed the Motion on the calendar for hearing on November 12, 2019, at 9:00 a.m. (Doc. 101). The Court's rescheduling order setting the Motion for hearing did not give the government a second opportunity to respond to the Motion, but, even if it did, the government did not file an opposition to the Motion by what would have been the new deadline—October 22, 2019, twenty-one days before the new date designated for the hearing of the Motion.

Because the government did not timely file an opposition to the Motion, the Court should a) "decline to consider any memorandum or other document" the government may hereafter file, b) deem the government's failure to timely oppose the Motion as its "consent to the granting . . . of the Motion," and c) grant the Motion summarily. *See* L.R. 7-12.

**2. Subsequent Developments Have Narrowed the Disputed Documents at Issue to the Memos.**

When Mr. Larkin filed the Motion, the government had demanded the return of 9,745 pages of documents (defined in the Motion as the "Disputed Documents"). In the intervening year, the dispute has been resolved as to all documents except the

Memos. First, the government abandoned its demand as to 9,500 pages and reproduced the documents to the Movants. Second, the government also produced many of the non-privileged documents from 2012/2013 grand jury proceedings in the Western District of Washington, while Movants determined that others were not material to their Motion. Accordingly, the documents at issue are narrowed to only the Memos.

**3. The Motion Provides Good Cause for the Court to Order that the Movants Can Access and Use the Memos in Connection with their Challenge to the Government's Seizures.**

As set forth in Mr. Larkin's Motion to Vacate or Modify Seizure Warrants (Doc. 6) and in the Motion, the government seized millions of dollars of the Movants' assets in *ex parte* proceedings based on government affidavits that were materially misleading. The affidavits failed to disclose adverse facts and adverse law, including, importantly, facts and law that seriously undermined the government's claim that its agent could tell just by looking at an ad whether the person posting the ad intended to engage in unlawful activity.[1] The Memos demonstrate both that the affidavits the government presented to the magistrates to obtain the seizure warrants were materially misleading, and that the government *knew* it was materially misleading the magistrates when seeking the seizure warrants.[2] Motion, pp. 4-7.

[1] The magistrates issuing the seizure warrants were unable to make any independent assessment of the ads as the government merely characterized ads in its affidavits and did not present any ads to the magistrates.

[2] Mr. Larkin filed his Motion to Vacate or Modify Seizure Warrants (Doc. 6) on August 1, 2018. Since then, the government has obtained no fewer than 14 new seizure warrants from this Court based on near identical affidavits suffering from the same deficiencies as the warrants challenged in that motion. The government also has filed over 27 civil forfeiture complaints suffering from those same deficiencies. Those subsequent documents were filed *after* Mr. Larkin filed the Motion. The government's failure to alter its presentation to the courts after the deficiencies were identified to it in the motions demonstrates deliberate deception by the government, not mere reckless disregard for the truth or negligence. *See, e.g.*, 18-CV-6742-RGK-PJW List of Related Cases (2:18-cv-08420; 2:18-cv-08423; 2:18-cv-08551; 2:18-cv-08555;

Because the Memos document the government's misconduct, the government cannot use the work product doctrine in an effort to cover up its misconduct in seeking and obtaining the seizure warrants from this Court. Motion, pp. 7-10. Moreover, the Movants also are entitled use to the Memos under Fed. R. Civ. P. 26(b)(3)(A), as they have substantial need for the Memos to prepare their challenge to the government's seizures and cannot, without undue hardship, obtain the substantial equivalent of the Memos by other means.

**4. The Arizona Court's Ruling on the Government's Clawback Motion Does Not Foreclose this Motion.**

Although the government chose not to respond to the Motion by the deadline, less than ten days later the government filed a motion in Arizona seeking to claw back some of the Disputed Documents, including the Memos, claiming it had inadvertently produced those documents.

In ruling on the government's motion, the Arizona court determined that the Memos were work product (which was not in dispute); determined that the government inadvertently produced the Memos; determined that the government had taken reasonable steps to prevent an inadvertent production and to rectify the inadvertent production; and determined that *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), did not compel production of the Memos. The Court in Arizona granted the government's motion to claw back the Memos.

Importantly, the Court in Arizona did not consider, nor did its ruling address, the Movants' arguments in the Motion here that the government cannot use the work product doctrine in this Court to cover up its misconduct in seeking and obtaining the

---

2:18-cv-08556; 2:18-cv-08565; 2:18-cv-08566; 2:18-cv-08568; 2:18-cv-08569; 2:18-cv-08570; 2:18-cv-08577; 2:18-cv-08578; 2:18-cv-08579; 2:18-cv-08588; 2:18-cv-08592; 2:18-cv-08723; 2:18-cv-08730; 2:18-cv-08747; 2:18-cv-08748; 2:18-cv-08749; 2:18-cv-08750; 2:18-cv-08753; 2:18-cv-08754; 2:18-cv-08759; 2:18-cv-08760; 2:18-cv-08763; 2:18-cv-08764; 2:19-cv-07032; 2:19-cv-07039; 2:19-cv-07044; 2:19-cv-07048).

seizure warrants from this Court. Likewise, the Court in Arizona did not consider, nor did its ruling address, Movants' alternate argument that they are entitled to use the Memos under Fed. R. Civ. Pro. 26(b)(3)(A). Those issues are pending only before this Court and the Arizona court's ruling has no bearing on these issues.

**Conclusion**

For the foregoing reason, Movants respectfully request that this Court grant Mr. Larkin's Motion to Access and Use Purportedly Inadvertently Produced Materials (Doc. 69).

Respectfully submitted,

DATED: October 29, 2019

BIENERT | KATZMAN PC

*/s/Whitney Z. Bernstein*
Whitney Z. Bernstein
Thomas H. Bienert, Jr.
*Attorneys for James Larkin*

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of October, 2019, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

*/s/ Toni Thomas*
Toni Thomas

Thomas H. Bienert, Jr., tbienert@bienertkatzman.com
Whitney Z. Bernstein, wbernstein@bienertkatzman.com
Anthony R. Bisconti, tbisconti@bienertkatzman.com
Kenneth M. Miller, ken@kmmillerlaw.com
James C. Grant, jimgrant@dwt.com
Robert Corn-Revere, bobcornever@dwt.com
Scott R. Commerson, scottcommerson@dwt.com
Gary S. Lincenberg, glincenberg@birdmarella.com
Ariel A. Neuman, aan@birdmarella.com
Gopi K. Panchapakesan, gpanchapakesan@birdmarella.com
Erin E. McCampbell, emccampbell@lglaw.com
Janey Henze Cook, janey@henzecookmurphy.com
Paul J. Cambria, pcambria@lglaw.com
Bruce S. Feder, bf@federlawpa.com
John K. Rubiner, jrubiner@bkolaw.com
John J. Kucera, john.kucera@usdoj.gov
Daniel G. Boyle, daniel.boyle@usdoj.gov