NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (California Bar No. 274184)
DAN G. BOYLE (California Bar No. Pending)
Assistant United States Attorneys
Asset Forfeiture Section
  Federal Courthouse, 14th Floor
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-3391/2426
  Facsimile: (213) 894-0142
  E-mail: John.Kucera@usdoj.gov
         Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN THE MATTER OF THE SEIZURE OF:*<br><br>ANY AND ALL FUNDS HELD IN REPUBLIC BANK OF ARIZONA ACCOUNT[S] XXXX1889, XXXX2592, XXXX1938, XXXX2912, AND XXXX2500. | Case No. 18-CV-06742-RGK (PJW)<br><br>**UNITED STATES OF AMERICA'S RESPONSE TO ORDER TO SHOW CAUSE DATED NOVEMBER 26, 2019** |

      Plaintiff United States of America (the "Government"), by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys John J. Kucera and Dan G. Boyle, hereby files its response to the Court's recent Order to Show Cause (Dkt. 125).

      On November 26, 2019, this Court ordered all parties to show cause why this action should not be consolidated with 31 other civil actions currently before this Court, each seeking forfeiture of property alleged to be traceable to Backpage.com (hereinafter the "Backpage Forfeiture Actions), in connection with

an ongoing criminal action in the District of Arizona, captioned <u>United States v. Lacey</u>, No. 18-CR-422-PHX-SMB.

     The Government agrees that each of the Backpage Forfeiture Actions contain common questions of law and fact under Fed.R.Civ.P. 42, and accordingly, the Government does not object to consolidation of the Backpage Forfeiture Actions. Notwithstanding any consolidation, however, separate judgments should still issue in each of the Backpage Forfeiture Actions. <u>See Hall v. Hall</u>, 138 S. Ct. 1118, 1130 (2018) ("[T]hrough consolidation under Rule 42(a) 'one or many or all of the phases of the several actions may be merged' but 'separate verdicts and judgments are normally necessary.'" (quoting 3 J. Moore & J. Friedman, Moore's Federal Practice § 42.01, pp. 3050–3051, n. 12 (1938))). Here, certain of the Backpage Forfeiture Actions concern real property, <u>see, e.g.</u>, <u>United States of America v. Real Property Located in Maricopa County, Arizona</u>, 2:18-CV-08555-RGK-PJW, and as a practical matter, separate judgments are functionally necessary to properly record chain of title on any such real property which may be forfeited following judgment. For this reason, the Government does not oppose consolidation of the Backpage Forfeiture Actions, but respectfully requests that separate judgements issue following any consolidation.

Dated: November 27, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

  /s/
DAN G. BOYLE
JOHN J. KUCERA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA