UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-06742-RGK-PJW | Date | December 20, 2019 |
|---|---|---|---|
| Title | *In the Matter of Seizure of: Any and all funds held in Republic Bank of Arizona* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Claimant Lacey's Motion for Release of Certain Untainted Funds [22]

On August 1, 2018, Claimants James Larkin, Michael Lacey, Scott Spear, and John Brunst (collectively, "Claimants," or "Defendants") filed the instant action challenging the Government's warrants for civil forfeiture of numerous assets. The civil forfeitures in this case largely mirror the ongoing criminal forfeiture proceedings in the related criminal matter *United States of America v. Michael Lacey, et al.,* No. 18-CR-00422-PHX-SPL (D. Ariz.) ("the Arizona proceeding"). The Government's seizures encompass all proceeds derived from the third-party advertising website www.backpage.com ("Backpage"), and any funds commingled with those proceeds under a theory of money laundering.

Presently before the Court is Claimant Michael Lacey's Motion for Release of Certain Untainted Funds (ECF No. 22.)

The funds in question are contained in three First Republic bank accounts, numbers xxxx1897, 2485, and 3126, which Lacey asserts contain assets derived solely from sources unrelated to Backpage. Lacey claims that the funds in question have been improperly seized as the result of a clerical error by the Cereus Properties office manager, Michelle McSherry ("McSherry"), who in May of 2017 inadvertently made two deposits of Backpage-derived funds into account number 2845, totaling $676,808.04. This purported error was compounded when Lacey made subsequent transfers from account 2845 to accounts 1897 and 3126, thereby also tainting both of those accounts under the Government's money laundering theory. Lacey asserts, however, that McSherry rectified the accounts to address her error on June 1, 2017, well before the commencement of the instant prosecution. He also notes that the accounts at issue are not included in the criminal forfeiture allegations contained in the Superseding Indictment issued by the Grand Jury in the Arizona Proceeding. (Cambria Decl. ¶ 3, ECF No. 25.) Lacey therefore moves this Court to order the funds returned.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-06742-RGK-PJW | Date | December 20, 2019 |
|---|---|---|---|
| Title | *In the Matter of Seizure of: Any and all funds held in Republic Bank of Arizona* | | |

    In response, the Government argues that "this sort of fact-laden question is contingent on discovery, and any resolution would first require defendants to answer special interrogatories . . . and potentially require depositions of Lacey, Larkin, and their allegedly at fault bookkeeper, Ms. McSherry." (Pl.'s Resp. at 15:19-23, ECF No. 114). At the same time, however, the Government asserts that undertaking any discovery in these civil forfeiture actions would prejudice its ability to prosecute its criminal case in Arizona. (*Id.* at 16:2-3.)

    The Government does not explain how conducting discovery into the narrow issue of whether the specific funds in question are properly seized will prejudice its case. Lacey asserts that he has repeatedly sought to make McSherry available to answer questions, but the Government has declined to interview her. (Mtn. for Release 6:22-24.) The Court notes that because these accounts are not subject to criminal forfeiture in the Arizona proceeding, the risk of interference with that proceeding is minimal.

    The Court acknowledges the Government's legitimate interest in verifying whether the funds at issue are in fact untainted. The Court therefore **ORDERS** the Government to conduct only the limited discovery necessary to determine the specific issue of whether the three accounts in question contain any tainted funds, and to respond to the substance of Lacey's Motion by **February 10, 2020**. Lacey will have **7 days** from receipt of the Government's response to make any reply. Neither brief shall exceed ten pages.

    **IT IS SO ORDERED.**

                                                                 Initials of Preparer